CRUMBLY, Respondent, vs. BARDON, Appellant.

*December 13, 1887 — January 10, 1888.*

*Mortgages: Penalty for refusal to discharge: What constitutes "full performance:" Pleading.*

1. Mere tender of the amount due on a mortgage, and the refusal of the mortgagee to accept the same, do not constitute "full performance of the conditions of the mortgage," within the meaning of sec. 2256, R. S., as amended by ch. 100, Laws of 1883.
2. After stating facts intended to bring the case within the statute, but showing a tender only and not payment of the amount due on the mortgage, a complaint "further alleges that the defendant is indebted to the plaintiff in the sum of $100, according to the provisions of sec. 2256, R. S., as amended by ch. 100, Laws of 1883." *Held,* that this allegation cannot be construed as stating a separate and independent cause of action.

APPEAL from the Circuit Court for *Ashland* County. The facts will sufficiently appear from the opinion. The appeal is from an order overruling a general demurrer to the complaint.

The cause was submitted for the appellant on the brief of *Tomkins & Merrill.* To the point that the statute should be strictly construed, they cited *Stone v. Lannon*, 6 Wis. 497; *Page v. Johnston*, 23 id. 295; *Burrows v. Bangs*, 34 Mich. 304, 312.

For the respondent the cause was submitted on the brief of *A. E. Dixon.* To the point that tender of money due on a mortgage discharges the lien of the mortgage, he cited *Caruthers v. Humphrey*, 12 Mich. 278; *Moynahan v. Moore*, 9 id. 9; *Kortright v. Cady*, 21 N. Y. 343; *Moore v. Cord*, 14 Wis. 213–219. It is evidently the intent of the statute to compel a discharge of a mortgage by punishing the mortgagee for his refusal to clear an incumbrance from the records, after his lien upon the land has been removed. *Moore v. Cord*, 14 Wis. 213–219; *Collar v. Harrison*, 30 Mich. 66.

ORTON, J. This is an action to recover the penalty provided by sec. 2256, R. S., as amended by ch. 100, Laws of 1883, for the refusal or neglect to discharge a mortgage. This statute so providing a penalty should receive a strict construction. *Stone v. Lannon*, 6 Wis. 497. The complaint shows that there had not been a "full performance of the conditions of the mortgage," and this is a condition precedent to the right to recover the penalty. The plaintiff only made a tender of the mortgage money, which the defendant refused to accept, and also a satisfaction piece in due form, which he refused to execute. This is not "a *full* performance of the conditions of the mortgage." It is only an *offer* to perform, or *tender* of performance. The statute is, "*after* a full performance of the conditions of the mortgage," and "*after* being thereunto requested," and "a satisfaction piece in due form being to him *tendered* for execution, and *after tender* of legal charges," then, after seven days, if the mortgagee refuses or neglects to discharge the mortgage, or to execute and acknowledge a certificate of discharge or release

Crumbly vs. Bardon.

thereof, he is liable to the mortgagor, his heirs or assigns, in the sum of $100 damages, etc. The statute provides for a *tender* of the satisfaction piece, and a tender of legal charges; but 'it does not provide for a *tender* of the mortgage money, or a tender of performance of the conditions of the mortgage, or an offer to perform. In an action, if there had been full performance of the contract, the plea would be *performance;* and if only a *tender* had been made, a tender would be pleaded. They are not the same in law or fact. So, if the performance consisted in payment, the plea would be payment; but if only a tender of the money had been made, the plea would be a tender. The conditions must be actually performed or the payment actually made, to answer the demands of the statute. To make the statute mean *actual, full* performance, does not require a very strict construction even. It is the natural and usual meaning of the language itself. The plaintiff, by his tender, may have laid the foundation for a suit in equity for redemption or satisfaction of the mortgage, but not for the penalty provided by the statute.

The demurrer to the complaint was overruled. To sustain this ruling the learned counsel of the respondent further insists that the last clause of the complaint states a separate and independent cause of action. That clause is: "Plaintiff *further alleges* that the defendant is indebted to the plaintiff in the sum of one hundred dollars, according to the provisions of section 2256 of chapter 100 of the Revised Statutes of Wisconsin, as amended by chapter 100 of the Laws of Wisconsin passed in 1883." This appears to be the closing allegation of the complaint, which simply makes the previous statement of facts have reference to the statute upon which the plaintiff's cause of action is based. To omit this clause would leave the complaint as one simply asking or demanding $100 unliquidated damages, without any reference to the penalty, or the statute which provides it, in case

of refusal or neglect to discharge the mortgage upon the facts previously stated. This clause is not pleaded as a separate cause of action. It is simply a *further* allegation. The facts stated in the complaint, and upon which the plaintiff relies to recover the penalty fixed by the statute, must be taken as true on the demurrer, and they show that the plaintiff has no cause of action.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to sustain the demurrer and for further proceedings according to law.