91   87
f126 666

91   87
144  533

[No. 14266.   Department One. — September 5, 1891.]

EMMA G. LATTIN ET AL., APPELLANTS, v. HENRY T. HAZARD, RESPONDENT.

SPECIFIC PERFORMANCE — MUTUALITY OF REMEDY — PERFORMANCE — COMPENSATION. — Where the remedy is not mutual, specific performance will not be decreed, except where the party seeking to enforce the contract has performed everything to which the other party is entitled under the same obligation, or nearly so, and full compensation for any want of entire performance is made.

ID. — CONTRACT TO CONVEY LANDS FOR STREET-RAILROAD — CONTINUED OPERATION. — An agreement to convey lands and give the right of way for a street-railroad in consideration that the road shall be well and substantially built, and operated by steam-dummy motive power for a period of not less than ten years, and shall have a carrying capacity and speed equal to all the requirements of the section and the business thereof, and that rates of fare specified shall not be increased for ten years, and providing that deeds shall be made and placed in escrow until the completion and operation of the railroad, cannot be specifically enforced while the covenants for the continued operation of the road are unperformed.

ID. — INDEPENDENT COVENANTS — CONSIDERATION — NON-PERFORMANCE. — Specific performance of such agreement cannot be granted upon the ground that the covenants for the deeds and for the continued operation of the road are independent, the latter covenants being an important part of the consideration for the former, and being a substantial and important part of the obligation, which has not been performed, and of which specific performance cannot be enforced by a decree.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Dooner & Burdett*, for Appellants.

The contract was performed on the part of the railroad company; and the argument that specific performance could not be enforced because the company could not be

compelled to build the road, and that in the absence of mutuality the contract was void, does not apply where the contract has been performed. (Civ. Code, sec. 3386; 1 Story's Eq. Jur., sec. 736 b; *Vassault* v. *Edwards*, 43 Cal. 465.)

*O'Melveny & Henning*, for Respondent.

Contracts for building railroads as clearly involve the exercise of skill, judgment, and personal responsibility as do those to conduct. Neither of such contracts can be specifically enforced. (*Ross* v. *U. P. R. R. Co.*, 1 Woolw. 30–48; *Texas & Pac. R'y Co.* v. *City of Marshall*, 136 U. S. 393; 1 Story's Eq. Jur., 12th ed., sec. 778 a; *Fallon* v. *R. R. Co.*, 1 Dill. 121.) Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance. (Civ. Code, sec. 3386.) In order that specific performance of a contract may be compelled, the remedy, as well as the obligation, must be mutual, and equity will not enforce specifically a contract for personal services, but will leave the parties to their remedy at law. (*Sturgis* v. *Galindo*, 59 Cal. 31; 43 Am. Rep. 239; *Cooper* v. *Peña*, 21 Cal. 410 et seq.; Fry on Specific Performance, sec. 286; *Vassault* v. *Edwards*, 43 Cal. 464, 465.) The complaint does not contain the necessary facts for an action at law. No damage is alleged or claimed. (Code Civ. Proc., sec. 426, subd. 3; Pomeroy on Remedies, sec. 84.)

TEMPLE, C. — Plaintiffs appeal from a judgment against them on demurrer to their complaint. It is their second appeal, the former (85 Cal. 58) being from a similar judgment. The complaint was amended so as to avoid the defect then pointed out, and is now questioned upon other grounds.

The action is to enforce specific performance of an

agreement between James McLoughlin, as party of the second part, and a number of persons who apparently owned, severally, various tracts of land in Los Angeles or the vicinity. Some of them agree to convey to him certain lands, and to give him the right of way for a street-railroad, in consideration of which he agrees to extend and operate his steam-dummy railroad through and by their lands on a route designated.

The party of the second part further stipulated " that the road shall be well and substantially built, and operated by steam-dummy motive power for a period of not less than ten years, and shall have a carrying capacity and speed equal to all the requirements of the said section and the business thereof." He further agreed that the fares should not exceed certain specified rates, " and that the rate so established shall not be raised for a period of ten years."

It was stipulated that the subscriptions by those who gave land should be by their several grants of land contiguous to the line of the railway, severally conveying a clear title in every case, at the date of the agreement, or within twenty days thereafter, to be held in escrow until the completion and operation of the railroad. It is averred that the contract had been fully performed by McLoughlin.

The contract was dated the ninth day of March, 1887. It does not appear when the suit was commenced, but the amended complaint was filed November 26, 1890. It is evident that some parts of the contract have not yet been performed by McLoughlin, as whose assignee plaintiffs bring this suit.

The first point raised on the demurrer is, that specific performance cannot be decreed, because, in the nature of things, the remedy is not mutual; that the contract could not be specifically enforced against McLoughlin, and has not been fully performed by him, " or nearly so," and that the want of entire performance cannot be fully compensated in damages, because such damages

cannot be estimated, nor does the plaintiff offer such compensation.

The appellant does not contend that specific performance could have been enforced against McLoughlin, but contends that the deeds were to be delivered upon completion of the work, meaning the extension of the road, and that the road has been so constructed. As to the agreement to operate the road in a certain stipulated mode, with a stipulated efficiency and at specified rates for ten years, she says that is an independent covenant upon which an action might lie for a breach.

Unfortunately, that is an argument against her right to specific performance. Section 3386 of the Civil Code seems decisive of this point. Unless the remedy be mutual, specific performance will not be decreed, except where the other party has performed everything to which the other is entitled under the same obligation, or nearly so, and full compensation for any want of entire performance is made.

The continued operation of the road was an important part of the consideration for the deed. The contract, therefore, is not *nearly* performed. Indeed, except by the general allegation that McLoughlin has fully performed, there is no averment that the road is now being operated.

McLoughlin may be fully entitled to a conveyance, according to the terms of his contract, without being able to maintain this action. The rule upon this subject is sufficiently stated in the section of the code cited, and the authorities may be found collected in Pomeroy on Specific Performance of Contracts, sections 162 et seq.

It makes no difference whether the covenants are concurrent or not. The agreement that McLoughlin will operate the road for the stipulated period, in the mode agreed upon, is a substantial and important part of the obligation, which has not been performed, and of which specific performance cannot be enforced by a decree.

(*Cooper* v. *Peña*, 21 Cal. 403; *Vassault* v. *Edwards*, 43 Cal. 458.)

Damages are not claimed in the complaint, nor is there an averment of an assignment of such a cause of action to plaintiff.

Taking this view of the first point presented on the demurrer, it becomes unnecessary, and perhaps it would be improper, to discuss the other important questions suggested.

We think the judgment should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.