PEDER S. PEDERSON *v.* LEONARD DIBBLE.

Opinion filed January 29, 1904.

**Specific Performance—Evidence.**

> 1. Upon a review of the entire case in an action for the specific performance of a contract to convey real estate, the findings of fact, conclusions of law, and judgment of the trial court awarding specific performance are sustained.

**Contract Must Be Mutual Both as to Obligation and Remedy.**

> 2. The contract in this case obligated the vendor to convey the land upon the delivery to him of a specified quantity of merchantable wheat, or its equivalent in money, determined by the market value of wheat when delivery was due, and bound the vendee to make such delivery or payment. When this action was brought and tender of performance by plaintiff was made, the time for delivery of the deed had arrived. It is *held,* that the contract is enforceable under the rule which requires, as a condition for the enforcement of a contract by specific performance, that it shall be mutual both as to obligations and remedy.

Appeal from District Court, Benson county; *Morgan, J.*

Action by Peder S. Pederson against Leonard Dibble. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Townsend & Denoyer* and *Guy C. H. Corliss,* for appellant.

Equity will not decree specific performance where both parties are not bound by the contract with respect to the same matters. *Frink* v. *Thomas,* 12 L. R. A. 244 and note; Clark on Contracts, 168; 22 Am. & Eng. Enc. L. (1st Ed.) 1019; *Litz* v. *Gooseling,* 21 L. R. A. 127; *Graybill* v. *Brugh,* 21 L. R. A. 133; *Boucher* v. *Van Buskirk,* 2 A. K. Marsh, 345; 3 Pom. Eq. Jur. section 1405; *Cooper* v. *Pena,* 21 Cal. 404; Waterman on Spec. Per. section 196; *Norris* v. *Fox,* 45 Fed. 406; *Heiland* v. *Ertel,* 44 Pac. Rep. 1005; *Welty* v. *Jacobs,* 40 L. R. A. 98; *Smith* v. *Wilson,* 61 S. W. Rep. 597-599; *Wood* v. *Dickey,* 17 S. E. Rep. 818; *Glass* v. *Rowe,* 15 S. W. Rep. 334-341; Fry Specific Perf. section 286.

There is an apparent exception in the case of options. But where the party holding the option accepts, within the time given him, and upon the terms stated, the obligation becomes mutual and capable of enforcement at the instance of either party. *Wilks* v.

*Railway Co.,* 79 Ala. 180; *Weston* v. *Collins,* 11 Jur. N. S. 190; *Harding* v. *Gibbs,* 125 Ill. 85, 17 N. E. Rep. 60; *Weaver* v. *Burr,* 31 W. Va. 736, 3 L. R. A. 94; *Shields* v. *Horvi,* 30 Neb. 536; *Longfellow* v. *Moore,* 102 Ill. 289; *Mason* v. *Payne,* 47 Mo. 517; *Carter* v. *Phillips,* 144 Mass. 100; *Vassault* v. *Edwards,* 43 Cal. 458; *Potts* v. *Whitehead,* 20 N. J. Eq. 55; *Kemp* v. *Humphreys,* 13 Ill. 573; *Longworth* v. *Mitchell,* 26 O. St. 334; *Stembridge* v. *Stembridge,* 87 Ky. 91; *Magoffin* v. *Holt,* 1 Duv. 95; *Ranelagh* v. *Melton,* 10 Jur. N. S. 1141; *Master* v. *Willoughby,* 2 Bro. P. C. 244; *Brooks* v. *Garrod,* 27 L. J. Ch. 226; *Pegg* v. *Wisden,* 16 Veav. 239; *Ide* v. *Leaser,* 10 Mont. 5; *Coleman* v. *Applegrath,* 68 Md. 21; *Richard* v. *Taylor,* 122 Fed. 931; *Hollmann* v. *Conlan,* 45 S. W. Rep. 277; *Watterman* v. *Banks,* 144 U. S. 394, 12 Sup. Ct. Rep. 646.

Appellant did not bind himself to convey the land, but to convey or return the wheat received. Having refused to convey, he should restore the wheat, or pay its equivalent in money. *Jaquith* v. *Hudson,* 5 Mich. 123; *Cotheal* v. *Talmadge,* 9 N. Y. 551; *Bagley* v. *Peddie,* 16 N. Y. 469; *Chamberlain* v. *Bagley,* 11 N. H. 234; *Williams* v. *Dakin,* 22 Wend. 201; *Hahn* v. *Concordia Soc.,* 42 Md. 460.

*P. J. McClory,* for respondent.

Want of mutuality is no defense where the party not bound has performed all of the conditions of the contract and brought himself within its terms. 22 Am. & Eng. Enc. of L. (1st Ed.) 1021, 12 L. R. A. 245; 2 Beach on Contracts, section 889.

Time being of the essence of the contract, plaintiff must comply with the conditions, as to time. Section 3934, Rev. Codes 1899.

Rescission when not effected by consent, can be accomplished only by compliance with the conditions of the above section. *Anderson et al.* v. *Wallace Lumber and Mfg. Co.,* 70 Pac. Rep. 247.

Failure of purchaser to make payment when it is due is waived by vendor's failure to declare a forfeiture for three months thereafter, and a purchaser is entitled to specific performance on tender of purchase price when next installment falls due. *Pier* v. *Lee,* 14 S. D. 600, 86 N. W. Rep. 642; *Boyum* v. *Johnson,* 8 N. D. 306, 79 N. W. Rep. 149.

YOUNG, C. J. This is an action to compel the specific performance of a contract to sell and convey real estate. The trial court granted the relief prayed for. Defendant appeals from the judg-

ment, and demands a review of the entire case in this court under the provisions of section 5630, Rev. Codes.

The complaint alleges that on June 1, 1891, the defendant and one Sivert Pederson "entered into an agreement in writing whereby Sivert Pederson agreed to buy and the said defendant agreed to sell the land in question for 2,500 bushels of wheat; * * *" that said Sivert Pederson delivered 1,000 bushels of said wheat; that on March 14, 1896, the said Sivert Pederson, "by and with the consent of the defendant," sold and assigned his interest in said contract to the plaintiff; that since that date the plaintiff has continued in the possession of the premises under said contract, and made payments thereon; that he has tendered full performance, with interest on defaulted payments, and demanded a deed, which tender and demand was refused. Copies of the contract and assignment are attached to and made a part of the complaint. The defendant in his answer admits the making of the contract as alleged; denies that he had any knowledge of the assignment of the same to the plaintiff, or that he assented thereto; and alleges that the contract in question was canceled and annulled by a written agreement entered into between defendant and Sivert Pederson, with the knowledge and consent of this plaintiff; that after the cancellation of said contract the defendant leased the land to Sivert Pederson, and that the latter has since occupied the same under said lease. The trial court found that the defendant consented to the assignment of the contract; that the alleged cancellation was made without plaintiff's knowledge, and that he has not consented thereto: that the defendant has waived all defaults in the performance of the contract; that the amount due upon the contract, with interest, is the sum of $591.80. The judgment required the defendant to execute a good and sufficient deed of conveyance to the plaintiff upon the payment of said sum by the latter into court for his use.

We are entirely satisfied, from an examination of the evidence, with the correctness of the foregoing findings of fact, and the judgment meets with our entire approval. Aside from the controverted questions of fact, which were properly resolved against the appellant, he contends that the contract imposed no obligation on Sivert Pederson to purchase the land; that it is unilateral, and cannot, therefore, be specifically enforced. This contention was not presented to the trial court, and for that reason it may well be doubted whether it can properly be urged in this court. How-

ever that may be, the contention is not meritorious. Appellant relies upon the general rule which requires, as a condition for the enforcement of a contract by specific performance, that there shall be mutuality of obligation and remedy; that is, "the contract must be of such a nature that both a right arises from its terms in favor of either party against the other, while the corresponding obligation rests upon each towards the other; and also that either party is entitled to the equitable remedy of a specific execution of such obligation against the other contracting party." Pomeroy on Spec. Perf. section 163; Fry on Spec. Perf. section 440; Waterman on Spec. Perf. section 196; *Easton* v. *Lockhart,* 10 N. D. 181, 86 N. W. 697; 22 Am. & Eng. Enc. of L. (1st Ed.) 1019. This general doctrine is embodied in section 5025, Rev. Codes, which provides that: "Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform everything to which the former is entitled under the same obligation. \* \* \*" The rule invoked is not applicable here, for the reason that the contract in question in this case is mutual both as to obligation and remedy. It is far from a model in form, but its meaning is ascertainable, and at no time has there been a controversy between the parties as to the obligations it imposed. It is signed by both parties, and the promises of the vendor and vendee are mutual; that is, there is promise for promise. The vendor promises to convey the land, and the vendee promises to pay the consideration agreed upon. It recites that Sivert Pederson, the vendee, has given to Dibble, the vendor, "five promissory notes, to be satisfied and paid in full by the delivery to the said Leonard Dibble each fall as said notes shall become due, five hundred bushels of good merchantable wheat at the market value for the same or its equivalent." The five "notes," described in the contract, constitute a part thereof, and contain the vendee's unconditional promise to deliver to the vendor 500 bushels of good merchantable wheat on the 1st day of November of the years 1891, 1892, 1893, 1894, and 1895, or its equivalent in money at the market value when delivery is due. The contract provides that Dibble, "on payment of said notes and taxes, shall, whenever requested," execute and deliver a deed of the land to Pederson. In the written assignment delivered by the vendee to the plaintiff the latter agreed to fulfill the obligations which the contract imposed upon his assignor, including the delivery of the

wheat or payment of its equivalent in money. This obligation the defendant could compel the plaintiff to perform. The time for performance having arrived when plaintiff made his tender and brought this action, the promises then being dependent, an action by the defendant to recover the purchase price would be classed as an action for specific performance. It is well settled that, where the time for the delivery of the deed has arrived before suit is brought, an action by the vendor for the purchase price is one for specific performance. See *Shelley* v. *Mikkelson*, 5 N. D. 22, 28, 63 N. W. 210, and cases cited. In Pomeroy on Spec. Perf. section 165, it is said that "the purchaser's obligation in a contract for the sale of land, although nothing more, perhaps, than a liability to pay a certain sum of money, may always be enforced by a suit in equity on behalf of the vendor, since the purchaser may in the same manner obtain the performance of the vendor's duty to convey." The remedy which the plaintiff invokes was open to the defendant. The contract was mutual both as to its obligations and remedy, and the action is properly maintained.

Judgment affirmed. All concur.

MORGAN, J., having presided at the trial of the above action, took no part in the decision, Judge C. J. FISK, of the First judicial district, sitting in his place by request.