(118 N. W. 348.)

---

O. A. KNUDTSON v. JOHN J. ROBINSON AND MARY E. ROBINSON, DEFENDANTS AND RESPONDENTS AND MARY E. ROBINSON AND GEORGE L. ROBINSON, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN J. ROBINSON, DECEASED, SUBSTITUTED DEFENDANTS AND RESPONDENTS, AND MARY E. ROBINSON, GEORGE M. ROBINSON, MOLLIE E. CASSELMAN AND CHARLOTTE R. SKULASON, EMMA RAY, CLARA P. ROVIG AND JOHN W. ROBINSON, HEIRS AT LAW OF JOHN J. ROBINSON, DECEASED, SUBSTITUTED DEFENDANTS AND RESPONDENTS.

Opinion filed November 21, 1908.

**Specific Performance — Mutuality of Obligation is Essential to Enforcement.**

1. Under section 6610, Rev. Codes 1905, where there is no mutuality of remedy between parties to a contract, an action for the specific performance thereof will not lie by a party thereto, unless such party has performed the contract on his part, or he can be compelled to specifically perform the same.

**Same — Tender.**

2. Performance within the meaning of said action is not complied with by an offer or tender of performance.

### Same — Compensation for Deficiency.

3. In cases where specific performance of a contract will not lie on account of the absence of mutuality in the contract, the principle of compensation for deficiency or abatement of price has no application.

### Same — Retention of Jurisdiction to Assess Damages —Liability of Heirs of Deceased Vendor.

4. Where the fact that specific performance of the contract could not be awarded was known to the plaintiff when the action was commenced, and the party to the contract who was originally made a defendant in this action has since died, and his heirs at law and the devisees and executors of his will have been substituted as defendants, and the estate has been finally settled, jurisdiction of the action will not be retained for the purpose of assessing damages, but the action will be dismissed as not properly brought.

### Words and Phrases — "Performance."

5. "Performance" means the doing or completing of an act.

Appeal from District Court, McLean county, *Winchester,* J.

Specific performance by O. A. Knudtson against John J. Robinson and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Lee & Fowler,* for appellent.

Wherever the deficiency in the quantity of land contracted to be sold by the vendor, or defect in the title, does not substantially alter the contract, the vendee can enforce the contract with compensation for the deficiency; if the deficiency or defect is material, vendee may refuse performance, or have performance with compensation or abatement; if so great as to make compensation or damages the main object of the suit, vendee will be denied specific performance with compensation; to entitle buyer to specific performance he must have been unaware of deficiency at time of the bargain. Rev. Codes 1905, Sec. 6610; 6 Pom. Eq. Jur. Sec. 833; 3 Pom. Eq. Jur. (2nd Ed.) 1405; Clark v. Reius, 12 Gratt 98; Waters v. Travis, 9 Johns, 450; Hebers v. Godsen, 6 Rich's Eq. 284; Vorhee v. De Myer, 3 Sanf. Ch. 614; Jacobs v. Locke, 2 Fred. Eq. 286; Erwin v. Myers, 46 Pa. St. 96; Mapier v. Darlington, 70 Pa. St. 96; Wetherford v. Jones, 2 Ala. 170; Gartell v. Stafford, 11 N. W. 732.

If vendor cannot make the title that he professed, vendee will not be compelled to accept less, but the rule does not prevail if

vendee demands performance and will accept vendor's title. Water v. Travis, supra; Sutherland v. Briggs, 1 Hare, 34; White and Tudors Leading Cases in Eq. par. 2; Bell v. Thompson, 34 Ala. 633; Collins v. Smith, 38 Tenn. 251; Wright v. Young, 4 Wis. 144, 70 Am. Dec. 453; Crockett v. Gray, 2 Pac. 809; Rankin v. Bonwell's Heirs, 12 Am. Dec. 431; Mathews v. Patterson, 3 Miss. 729; Jacobs v. Lake, 37 N. C. 286; Stockton v. Oil Co., 4 W. Va. 273; 20 Enc Pl. & Pr. 491; 26 Am. & Eng. Enc. L. (2nd. Ed.) 83; Woodbury v. Luddy, 14 Allen 1, 92 Am. Dec. 731; Martin v. Meritt, 26 Am. Rep. 45; Zebley v. Sears, 38 Ia. 507; Park v. Johnson, 4 Allen, 259; Sanborn v. Nockin, 20 Minn, 178; Young v. Paul, 10 N. J. Eq. 401, 64 Am. Dec. 456; Walker v. Kelly, 51 N. W. 934; Harding v. Parshall, 56 Ill. 219.

Unless the remedy is mutual, specific performance will not be decreed, except where there is full performance by one of what the other is entitled to, or nearly so, and full compensation for deficiency is made. Marshall v. Calwell, 41 Cal. 611; Pederson v. Dibble, 12 N. D. 572, 98 N. W. 411; Flight v. Bullard, 4 Russ. 298; Hargrave v. Hargrave, 12 Penn. 411; Peto v. Brighton etc. Ry. Co. 1 Hem. & Mil. 468.

*B. G. Skulason* and *Newton & Dullam,* for respondents.

Equity will not take jurisdiction for specific performance or damages when plaintiff knew at the commencement of the action, that without defendant's fault specific performance, or other equitable relief was impossible. Morgan v. Bell, 16 L. R. A. 614; Lewis v. Yale, 4 Fla. 438; Sellers v. Greer, 40 L. R. A. 589; Kempshall v. Stone, 5 Johns, Ch. 193, 1 L. Ed. 1054; Kennedy v. Hazelton, 128 U. S. 667, 9 Sup. Ct. Rep. 202; Morss v. Etmendord, 11 Paige 277; Milkman v. Ordway, 106 Mass, 232; Welty v. Jacobs, 40 L. R. A. 98; Baldwin v. Fletcher, 48 Mich. 604.

Court cannot grant specific performance as to land a portion of which is homestead, but not selected. Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15; Goodrich v. Brown, 18 N. W. 893; Cumps v. Kiyo, 80 N. W. 937; Minnesota Stone Co. v. McCrossen, 85 N. W. 1019.

A contract to convey homestead, wife not joining, will not uphold an action for damages. Cowgell v. Warrington, 24 N. W. 266; Barnett v. Mendenhall, 42 Iowa, 296; Donner v. Redenbaugh, 16 N. W. 127; Yost v. Devault, 9 Iowa, 60; Meek v. Lange, 91 N.

W. 695; Prout v. Burke, 70 N, W. 512.; Horbach v. Tyrrell, 67 N. W. 475; Waples on Homestead, 384, 394; 15 Am. & Eng. Enc. Law (2nd Ed.) 670; Weitzner v. Thingstad, 56 N. W. 817; Hodges v. Farnham, 31 Pac. 606; Thimes v. Stumpff, 5 Pac. 431.

Action for specific performance will not lie on a void contract. Rogers v. Dey, 74 N. W. 190; Bolton v. Oberne, 44 N. W. 547.

MORGAN, C. J. The complaint in this action states the following facts: On the 15th day of October, 1901, one John J. Robinson entered into a contract in writing with the plaintiff, wherein he agreed to convey to the plaintiff 960 acres of land, which was described in said contract. The price agreed upon was the sum of $8.50 per acre. The sum of $50 was paid by the plaintiff to Robinson at the time of the making of the contract. The contract provided for the payment of the balance of the purchase price in installments at specified dates. The 960 acres of land embraced 160 acres occupied by Robinson and his family as a home on the day the contract was signed. The homestead had not been selected or its limits provided for in any manner. The contract further provided that Robinson should furnish an abstract showing a marketable title to the land within 60 days from said October 15, 1901, and, upon the furnishing of said abstract, the sum of $2,720 was to be paid by Knudtson to Robinson. Before the abstract was furnished, and before any of the provisions of the contract were carried out, except the payment of the $50, Robinson repudiated the contract, and refused further to be bound thereby. On March 31, 1902, this action was commenced. On October 19, 1902, Robinson died. Upon his death, his heirs and legal representatives were substituted as parties defendant, and the action came to trial in June 1905. The complaint further alleges that the plaintiff was at all times able, ready and willing to comply with all the terms of the contract on his part to be performed. The prayer for relief is for the specific performance of the contract as to all of the land, and, in case specific performance cannot be decreed as to the homestead, that the value of the homestead be thereafter ascertained and deducted from the purchase price. The answer sets up the failure of the plaintiff to file a claim for damages against the estate of Robinson, and that the said estate has been finally distributed by the county court; a life interest in said estate vesting thereby in the widow of said Robinson. It further alleges that the contract was not enforceable for the alleged reason that Robinson was incompetent to make said contract

on account of the long-continued and excessive use of intoxicating liquors and drugs, and that the contract was entered into by said Robinson under the influence of, and by and through the unfair practices and acts of, plaintiff. On the trial the plaintiff tendered the sum of $6,000 into court as the balance due upon the contract, after deducting the value of the homestead and the 160 acres which was owned by the wife of Robinson. The trial court made findings of fact and conclusions of law in favor of the defendants, and judgment was entered thereon dismissing the action. The plaintiff appealed from said judgment, and demands a trial anew under the provisions of section 7229, Rev. Codes 1905. A rehearing was granted in this case, and, after a reargument, we are satisfied that the conclusion formerly reached was erroneous, and failed to give effect to section 6610, Rev. Codes 1905.

Appellant contends that specific performance of the contract should be ordered under the facts of the case as far as it was within the power of Robinson to comply with the contract, and that plaintiff should be awarded an abatement of the total purchase price to the extent of the value of the homestead and the 160 acres separately owned by the wife. The fact that 320 acres of the land embraced in the contract was not subject to conveyance by Robinson destroyed the mutuality of the contract, so far as the remedy is concerned. Robinson could not have compelled Knudtson to accept a conveyance of the land embraced in the contract less the 320 acres, even with compensation for the deficiency. If the deficiency had been an immaterial quantity, specific performance with an abatement of the price would lie, but the principle of specific performance with abatement for the deficiency is not to be applied where the deficiency is so great as in this case, amounting to one-third of the number of acres involved. Since Robinson could not enforce specific performance against Knudtson under the facts of this case, specific performace could not be enforced by Knudtson against Robinson. There must be mutuality of obligation and remedy between the parties before specific performance is enforceable against either, except in cases where there has been performance by the party seeking to enforce specific performance. This is a statutory principle in this state, as laid down in section 6610, Rev. Codes 1905, which reads as follows: "Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform everything to which the

former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance." The remedy must be reciprocal. Performance by the party seeking to enforce performance under this section of the Code entitles such party to have the contract specifically enforced, although there was no mutuality of remedy when the contract was entered into. So far as the enforcement of contracts that are not mutual, as to obligation or remedy, this section is only a declaration of the common-law rule on this subject. Pederson v. Dibble, 12 N. D. 572, 98 N. W. 411.

The appellant contends that an offer of performance satisfies the requirement of the statute, and that, by tendering and bringing into court the sum claimed to be actually due under the contract, the non-mutuality of the contract is rendered immaterial. The language of the section is explicit that performance or the right to compel substantial performance of the contract must be shown before contracts that are not mutual can be specifically enforced. "Performance" is a word of settled meaning, and means the doing or completing of an act. "An offer to perform" and "performance" are not synonymous in meaning. Without performance the party seeking enforcement of the contract is not within the provisions of the statute when he has tendered performance or simply shown a willingness to perform. Crumbly v. Bardon, 70 Wis. 385, 36 N. W. 19; Lattin v. Hazard, 91 Cal. 87, 27 Pac. 515.

Having reached this conclusion, which is inevitable under the language of the statute, it is unnecessary to consider whether an abatement from the purchase price may be given to the plaintiff on account of the deficiency in the number of acres that can be conveyed from the number embraced in the contract. Compensation for deficiencies or abatement from the price are incidents of the action for specific performance. Specific performance is granted so far as the party is compellable to perform, and abatement of price is allowed as an incident to the action in order to do substantial justice between the parties. Unless specific performance is compellable in part, the principle of compensation for deficiency or abatement of price has no application.

We are asked to retain jurisdiction of the action, and to remand it to the district court for the purpose of having that court assess damages for a breach of the contract to convey. Under the present Code of Civil Procedure, this practice is sometimes followed to

avoid delay and the bringing of another action. In the present state of the record we do not think that damages should be assessed. So far as the homestead is concerned, the plaintiff was aware before this action was commenced, that specific performance of the contract could not be enforced, and that damages could not be recovered against Robinson for his refusal or inability to convey the homestead. Silander v. Gronna, 15 N. D. 552, 108 N. W. 544. Whether an action for damages would lie in this case for failure to comply with the contract so far as it embraced other lands than the homestead we need not determine. The estate of Robinson has been finally settled and distributed by the county court. The heirs at law and devisees who are made defendants are not to be held for any damage, even if Robinson could be held by reason of his breach of contract, and, if damages should be assessable, the estate has been distributed, and nothing remains in the hands of the executors out of which a judgment for damages could be satisfied. Under such circumstances, it would avail nothing to the plaintiff to remand the case for the assessment of damages, if damages would lie. Knowledge by plaintiffs of facts which render specific performance impossible is often held ground for refusing to retain jurisdiction for the purpose of awarding damages. If the original defendant Robinson was still living, there would be more force in the contention that jurisdiction should be retained for the consideration of the question or damages, although the relief of specific performance be unavailable. Pomeroy on Specific Performance, 481. But in the state of the record, so far as the parties defendant are concerned, we think that the action was properly dismissed.

The judgment is affirmed. All concur.