HODGES & WHITE V. GEORGE A. FARNHAM.

1. HOMESTEAD—*Contract to Exchange*—*Failure of Wife to Sign*—*Invalidity.* The owner of 160 acres of farming land, occupied by himself, wife and children as a homestead, agreed to exchange it for a stock of merchandise, but his wife did not sign the contract, and there was no joint consent for the alienation of the homestead. Before the exchange was completed, the owner of the homestead declined to carry out the contract. *Held,* In an action to recover damages for its violation, that the contract was void, and the non-compliance with its provisions afforded the plaintiffs no ground for a recovery. (*Thimes v. Stumpff,* 33 Kas. 53.)

2. PETITION—*Amendment.* *Held,* also, that the refusal of the court to permit an amendment of the petition after the testimony had been submitted was not an abuse of discretion nor a reversible error.

*Error from Miami District Court.*

THIS case is stated in the opinion.

*Jno. C. Sheridan,* for plaintiffs in error:

The rulings and instructions of the court show that it disposed of this case solely upon the belief that it was parallel with and the same kind of case as *Thimes v. Stumpff,* 33 Kas. 53. But an examination of that case discloses the error in making this case abide the same result. In that case it was purely and solely a contract by the husband alone to convey the homestead, while the contract in this case is for the pur-

chase of a drug store, and incidentally provides that, as part payment for it, he may convey to plaintiff at a given price a certain tract of land, which afterwards proved to be his homestead. In that case, the finding was that the wife had not consented to the matter. But in this case Farnham's wife had been determined with him to leave the farm, to trade or sell it and quit farming; and, knowing all about the trade, she executed and acknowledged the deed, and consented to her husband taking it to Paola to be delivered to the plaintiffs. In the case cited, the court declined to decide the point as to whether the contract of the husband to obtain his wife's consent to conveyance of the homestead is void. In this case, the wife performed every act necessary on her part to enable the husband to apply this land in payment for the drug store. The whole force of that action and the decision of it was placed upon the contract, the performance of which had never been tendered by either party. In this case the contract had been fully performed, except as to payment of the price of the drug store, and every act of Farnham's wife necessary to enable him to apply the land on such payment had been performed.

This is not a suit upon an unexecuted contract. Nor is it such a suit as to any branch or point involved. There is no room for any misunderstanding of the facts involved in or the nature of the suit. No specific performance of the contract is asked. If the contract were stricken out of the pleadings and proof, what could prevent the plaintiff's recovery of the balance, the amount of the inventory, and 10 per cent. added, which was agreed upon throughout as the work progressed till completed? The items of time and expense in invoicing and examining the land would follow the contract, but all the other proof as to surrender of lease, location, removal, announcement of sale and profits of the store bears only upon the value of the store at the time of its return, and the difference between that amount and the amount agreed upon, as shown by the inventory, with the agreed 10 per cent. added, would be the balance due the plaintiffs. In any event,

it would not be less than the difference between the market value of the drug store at the time of delivery and the market value of it at the time of surrender, proof of both of which was introduced by the plaintiffs and not contradicted.

*Stephenson & Hogueland,* for defendant in error:

We think the facts bring this case clearly within the rule laid down in the case of *Thimes v. Stumpff,* 33 Kas. 53.

There was no error in the refusal of the court to allow plaintiffs to amend their petition. There was no issue raised by defendant upon the trial that was not pleaded in his answer, and it was, therefore, no abuse of discretion by the court below to refuse to allow an amendment of the petition under these circumstances.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by Hodges & White to recover damages from Geo. A. Farnham for his refusal to convey a tract of land in Woodson county, in violation of a contract made between them. The contract provided that Farnham should convey a farm in Woodson county for a stock of drugs and fixtures which Hodges & White had in a store at Paola. An inventory of the stock and fixtures was to be made, and the value determined according to certain rules, which were stated, and the farm for which they were to be exchanged was valued at $3,400, upon which there was an existing incumbrance of $700. Hodges & White agreed to pay Farnham the difference, in cash, between the values of the properties exchanged, if any difference was found to exist. The farm was inspected by Hodges & White and found to be satisfactory, and they proceeded with the inventory of the stock of drugs until it was found that the value of the stock and fixtures exceeded the value of the farm, when Farnham declined to complete the contract and exchange, and Hodges & White immediately brought this action, claiming that they were damaged in the sum of $700 by the failure to convey in compliance with the contract.

On the trial, it appeared that the contract was not complete or binding until Hodges & White had inspected the land and found it to be satisfactory to them. It further appeared that it was the expectation and understanding of the parties that the valuation placed upon the land would exceed the valuation of the goods, and hence the provision in the contract that Hodges & White would pay the difference in cash. It was shown on the trial that Farnham was a married man, and with his wife and children resided upon the farm which he was to convey in payment for the stock of drugs, as a homestead. His wife had not signed the contract agreeing to convey the same, and the court instructed the jury that, if they found that the farm was the homestead of Farnham and family, the contract was void, and there could be no recovery upon it. As there was no dispute on that point, the finding of the jury was in favor of the defendant. The consent of the wife was essential to a valid contract for the conveyance of the homestead. Before Hodges & White had accepted the provisions of the contract by the approval of the land, they discovered that the farm was occupied by Farnham and his family as a residence, but the wife was not then asked to sign the contract, and never attached her signature to the same. No deception appears to have been practiced on Hodges & White with respect to the occupancy or homestead character of the premises proposed to be conveyed, and, as there was not that joint consent of husband and wife necessary to the alienation of the homestead, the contract was absolutely void, and there could be no recovery for its violation. The facts bring the case fairly within the rule stated in *Thimes v. Stumpff*, 33 Kas. 53. There was a blank deed signed by the wife of the defendant, but it was never completed nor delivered, and although the document is not a part of the record, enough appears to show that if it was included in the record it would not strengthen the plaintiffs' case.

After the court had indicated its purpose to instruct the jury to find for the defendant in case they found the farm to be a homestead, the plaintiffs asked leave to amend their peti-

tion by stating more particularly therein the delivery of the stock of goods to the defendant, the sale of a portion of the stock, and the subsequent surrender and abandonment of the same, and that by reason of the abandonment of the stock it had been depreciated in value 25 per cent., by reason of which they were damaged in the sum of $700. The court denied the motion to amend, holding that it was clearly an action on the contract. Complaint is made of this ruling; but it appears that no exception was taken to the same. It is true, as the court states, that the pleadings and testimony show that it was an action upon a contract. While it may have been possible to have amended the pleadings so as to have stated a liability against Farnham, it was a matter within the discretion of the court, and the denial of permission to amend cannot be held to be an abuse of the discretion vested in the court. It is only an abuse of discretion that is available as an error.

The judgment of the district court will be affirmed.

All the Justices concurring.