PEDER HANSEN v. GAAR, SCOTT & COMPANY.[1]

December 3, 1895.

Nos. 9544—(86).

#### Contract—Consideration—Disputed Claim.

*Held*, that there was a good consideration—the compromise of a disputed claim—for the execution by defendant, and delivery to plaintiff, of an agreement to make a grain separator, previously purchased by the latter, fulfill and comply with the terms of a warranty given when the separator was ordered.

#### Condition—Waiver.

*Held*, also, that certain conditions imposed on the plaintiff by the order in case of a breach of the warranty were not continued by the new agreement, and were no longer in force.

#### Known Defects—Damages.

*Held*, further, that the agreement in question covered and included defects in the separator and in its operation known to the parties when the agreement was made, and that, upon the evidence, plaintiff was entitled to recover substantial damages.

Appeal by plaintiff from an order of the district court for Otter Tail county, Charles L. Lewis, J., denying a motion for a new trial. Reversed.

*Houpt & Baxter* and *Parsons & Brown*, for appellant.
*John M. Rees*, for respondent.

COLLINS, J.   About August 1, 1892, plaintiff ordered of defendant corporation, the manufacturer, a grain-threshing outfit, including a separator.   The order was in writing, and contained defendant's warranty that the machinery was made of good materials, and, with proper care and management, would do as good work as any other of its size made for the same purpose in the United States. Following this warranty were a number of conditions imposed on the plaintiff purchaser in case of a failure of the machinery to fill the warranty, of the character usually found in these orders.   We need not specify their terms, for it is sufficient to say that they

[1] Reported in 65 N. W. 254.

were not complied with by plaintiff, and that he wholly failed to notify defendant of any failure of the warranty until after he had operated the machinery in the fall of 1892, and was called upon in November of that year to make a settlement, by either paying the agreed price or by giving his note for the amount. He refused to do either, claiming that the separator wholly failed to comply with the terms of the warranty.

After more or less dispute over the matter, defendant's agent and plaintiff agreed upon a settlement of the differences, by the latter giving his promissory note for an agreed balance, and defendant executing an agreement to make the separator fill the warranty. The note and the agreement were executed and delivered; the latter, written on the back of a copy of the order, being as follows: "We, the undersigned, agree to send an expert to take in hand the separator now owned by Peder Hansen, of Underwood, and make it fill the within warranty, as he claims he was unable to do so himself during the season of 1892, he to give us sufficient notice, so as to be able to send a man there when he is ready to start the season of '93, in consideration of which the said Peder Hansen agrees to settle January 15th, 1893, with Gaar, Scott & Co. in full, 10 per cent. to be allowed as cash discount. [Signed] Gaar, Scott & Co." The note was paid at maturity, in January, 1893.

At the opening of the 1893 threshing season, defendant was duly notified as stipulated in the agreement, but it wholly failed to fulfill the conditions of the November agreement, and plaintiff returned the separator to the place of purchase from defendant's local agents, and then brought this action to recover damages. As we gather from the allegations of the complaint, it was the theory of plaintiff's attorneys that, because of a breach of the contract of warranty, he was entitled to recover the amount paid for the separator. The evidence introduced to support plaintiff's case at the trial established his claim that the price of the separator, by itself, was fixed when he gave the order, and, further, that it was worthless for the purposes for which it was designed and bought. The plaintiff also offered evidence tending to show that the market value of the separator, if it had been as warranted, would have been the sum paid for it. When plaintiff rested, the court, upon defendant's motion, dismissed the case.

The court below seems to have been of the opinion that there was no consideration for the agreement made in November, 1893, when plaintiff settled with defendant, and, as a consequence, that defendant was not under any obligation to comply with its terms.    This was an erroneous view.    While plaintiff was in default, not having notified defendant of the failure of the separator to fulfill the warranty, it was competent for the latter to waive these requirements, and to release and absolve plaintiff from his neglect to strictly observe them.    This it would have a right to do at any time it chose, and it seems to have completely done so when the November agreement was entered into.    The plaintiff, when defendant's agent demanded payment for the machinery, contended that he was not compelled to pay for the separator, because of a breach of the warranty; and the proof upon the trial tended to show the reasonableness and bona fide character of this contention.    Because of this contention, and in settlement of the dispute, the agent wrote the agreement upon the back of a copy of the order, and delivered it to plaintiff, while, as a part of the transaction, the latter executed and delivered his promissory note for the balance due, which note was paid at maturity, and defendant has retained the proceeds.

There is no reason why the latter should not be bound by its obligation to make the separator comply with the warranty.    The consideration for its agreement so to do was ample, for it was the compromise of a disputed claim.    It was not necessary that the claim made by plaintiff be one which could ultimately be established against defendant; nor was it necessary that the matter in dispute be really doubtful in fact, providing the parties in good faith considered it so.    To make a good consideration for such a compromise, it was only necessary that there should be a bona fide question in dispute, and that the parties made mutual concessions.    Demars v. Musser-Sauntry Land Co., 37 Minn. 418, 35 N. W. 1.    There was a dispute in good faith, and each of the parties conceded and yielded as to the differences.

We have said that defendant agreed to make good its warranty. No other construction can be placed on the language of the November agreement.    None of the conditions imposed on plaintiff in his order were retained in or continued by it.    They could not have been without express provision, for the time within which plaintiff

was to perform them had expired when the settlement was made, so that, as the transaction stood when the agreement was delivered to plaintiff simultaneously with the execution and delivery of the note to defendant, it was incumbent upon the latter, on reasonable notice of the opening of the threshing season, to make the separator conform to the terms of the warranty, and this it did not do.

It also seems to have been the opinion of the court below that even if the agreement had been founded upon a good consideration, and plaintiff had thereby been released from the requirements of the order, the warranty referred to would not cover the defects of which he complained, because known to him at the time of the settlement. The rule of law which the court had in mind has no application to the case in hand, for the agreement, for which there was a good consideration, embraced and included the known defects or shortcomings of the separator.   It was expressly made to cover the faults and failures of which plaintiff complained, and for the express purpose of covering and including a prior warranty, which plaintiff insisted had been broken.   Even in case of the sale of a horse having open and visible blemishes, a warranty may be made to cover them, as well as others not visible, if an intention so to do is clearly manifested.   Fitzgerald v. Evans, 49 Minn. 541, 52 N. W. 143.   The intention of defendant to make good the previous warranty, and to cover the defects of which plaintiff then complained, by the November agreement, is plainly obvious.   The plaintiff had a good cause of action upon defendant's failure and refusal to put the separator in condition to fulfill the warranty as the same was set forth in the original order, to which the agreement referred.

The next inquiry relates to the measure of damages.   Under the circumstances shown upon the trial, plaintiff was entitled to recover, if at all, the difference in the value of the separator as it was when the agreement was made, in November, 1892, and what its value would have been if it had been made to fulfill the warranty.   He testified that the separator was valueless at all times, and also that, if it had been as warranted, it would have been worth what he paid for it, about $500.   Under this evidence, we think the jury would have been justified in finding that the value of the separator if it had been as warranted would have been $500, either at the time of the November agreement or at the time fixed by defendant for

the performance of his part of the agreement, in the fall of 1893. If so, plaintiff made out a case for substantial damages, to be assessed by the jury.    A new trial must be had.

Order reversed.