(108 N. W. 484.)

---

JOHN SILANDER v. A. J. GRONNA.

Opinion filed June 21, 1906.

**Contracts — Consideration — Compromise Is Possible Only Where Dispute Exists.**

1. Before a compromise between parties to a contract becomes a sufficient consideration for a promise, there must be a dispute between the parties as to some question.

**Contracts — Validity.**

2. A promise to pay money under a void contract is not enforceable.

**Homestead — Wife's Concurrence in Contract of Sale.**

3. A contract by a husband for the sale of the homestead of himself and wife is void, and an action against him for damages for its breach cannot be maintained.

**Contracts — Mistake of Law.**

4. A contract in form entered into by parties under a mutual mistake of law is not enforceable.

**Evidence — Dispute.**

5. A finding of the trial court examined, and *held* not to show a dispute arising between the parties as to their rights under a contract.

Appeal from District Court, Nelson county; *Fisk, J.*

Action by John Silander against A. J. Gronna. From a judgment in favor of plaintiff, defendant appeals.

Affirmed.

*Fred A. Kelley* and *Scott Rex,* for appellant.
*Frich & Kelley* and *Tracy R. Bangs,* for respondent.

Failure of wife to join in contract for sale of homestead renders it unenforcible, and bars claim for damages. Weitzner v. Thingstad, 56 N. W. 817.

Where parties to a compromise suppose that they are settling a valid claim, this is sufficient. Hansen v. Gaar Scott & Co., 65 N. W.

254. Disputes based on questions of law are subjects of compromise. Pom. Eq. Jur. section 894; 1 A. and E. Enc. Law, 420.

The law favors a compromise and settlements. 8 Enc. 510; Am. & Eng. Enc. 711; McGlynn v. Scott, 4 N. D. 18, 58 N. W. 460; Daly v. Busk Tunnel Ry. 129 Fed. 513.

An agreement to settle and forbear a suit, where there is no legal cause of action is void. Melchoire v. McCarty, 31 Wis. 252; Everingham v. Meighan, 55 Wis. 354; Read v. Hitchings, 71 Me. 594; Bunnell v. Bunnell, 64 S. W. 425; Moon v. Martin, 23 N. E. 669.

Morgan, C. J. Plaintiff brought this action for an accounting and for the release and cancellation of certain mortgages and liens held by the defendant upon his real estate. The defendant answered and set forth all his mortgages, liens, claims and promissory notes against the plaintiff. After a trial the district court made findings of fact and conclusions of law, in defendant's favor. The plaintiff did not perfect an appeal from such judgment. The trial court disallowed a certain claim of $75, which the defendant contended should have been allowed as a valid claim in his favor, and against the plaintiff. The facts in regard to that item are set forth in the following findings of fact made by the trial court on its own motion: "That there was included in the note last aforesaid the sum of $75, which sum plaintiff agreed to pay defendant Gronna in consideration of his releasing him from all liability under and the cancellation of a certain written contract, theretofore and in December, 1902, entered into between plaintiff and said defendant, whereby plaintiff had agreed to sell and convey to said defendant the real property described in finding 3, and which sum was accepted by the said defendant in full cancellation of said contract, and in full release of plaintiff from all liabiity thereunder; that at the time said contract was entered into, plaintiff was a married man and the head of a family, which fact was not known to said defendant, and that at said time said real property was the homestead of plaintiff; that the parties at the time it was agreed between them that plaintiff should be released from all liability under said contract and the said contract canceled in consideration of said $75 so to be paid and included in said note, did know that as matter of law, said contract was void; that both parties acted in said matter in good faith. Save only as hereinbefore found, the said note was given for a full and adequate valuable consideration."

The defendant appealed from the judgment and asks to have the judgment modified to the extent only of allowing that item in his favor. No statement of the case was settled. The facts stated in the finding must therefore be taken as true and proven. There is no dispute as to the facts, but it is defendant's contention that the conclusion of law that defendant is not entitled to have the item of $75 allowed in his favor is not sustained by the facts found. The pivotal question to be considered is whether there was a valid consideration between the parties for plaintiff's promise that he would pay defendant $75 for a release of the contract for the conveyance of plaintiff's land to the defendant. Plaintiff contends that the contract was void and made under a mutual mistake of law. Defendant contends that the promise was based on a valid consideration arising out of the compromise of a disputed question between the parties. It is conceded that if the finding shows a compromise of a disputed question, which arose in good faith between the parties, there was a valid consideration. Does the finding show that there was a compromise of a disputed question actually and in good faith existing between the parties? The language of the finding will not warrant any such conclusion. There is nothing in the finding from which a conclusion that there was a dispute between the parties can be drawn. That there must be a bona fide dispute as to some question before the principles of law pertaining to compromises become applicable is well settled. McGlynn v. Scott, 4 N. D. 18, 58 N. W. 460; Fryer v. Cetnor, 6 N. D. 518, 72 N. W. 909; Greenlee v. Mosnat, 116 Iowa, 535, 90 N. W. 338; Hansen v. Gaar Scott Co. (Minn.) 65 N. W. 254; Dolcher v. Fry, 37 Barb. (N. Y.) 158; Moon v. Martin (Ind. Sup.) 23 N. E. 669; Gray v. U. S. Savings & Loan Co. (Ky.) 77 S. W. 200. A compromise can be made as a matter of law only when the parties disagree among themselves as to their respective rights. A promise to pay a certain sum as a release of a contract is not necessarily a compromise of a disputed right or question. It does not signify that the promise was made after the parties had yielded a part of their claims and mutually agreed that payment of that sum was agreed upon as a settlement of the dispute. There is nothing in the language of the finding that is inconsistent with the fact that each one of the parties agreed that $75 actually represented defendant's damage in surrendering the contract, and plaintiff's benefit from such surrender. The finding does not show that the parties

considered that there was any dispute or doubt as to their respective rights under the contract. It shows a promise to pay $75 in consideration of a release of a contract, and shows nothing more as to the reasons existing for these promises. To compromise a dispute is to adjust it by mutual concessions. Each party to the dispute must yield something. 2 Words & Phrases, p. 1374, and cases cited. The $75 item which was included in the note was not based upon any consideration, upon the theory that there was a compromise of a disputed claim so far as the finding shows. The plaintiff agreed to sell the homestead of himself and wife. The wife did not join in the written contract for sale. The fact that she did not execute the contract rendered the contract of no validity so far as a conveyance of the homestead is concerned. Section 3608, Rev. Codes 1899 (section 5052, Rev. Codes 1905) ; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245.

It is conceded by counsel for both parties that such a contract is not valid for any purpose, and will not sustain an action against the husband for damages for its breach. It was a void contract and imposed no legal obligations upon the husband. Counsel for appellant does not claim that the contract had any validity for any purpose except as a basis for a binding compromise. The authorities sustain the contention that damages cannot be recovered against the husband upon his contract to convey the homestead of himself and wife. The reason is that the contract is void and if damages were recoverable upon such a contract it would indirectly tend to defeat the object of the statute requiring the signature of the wife before the homestead can be conveyed or incumbered. Waples on Homestead and Exemptions, p. 384; Weitzner v. Thingstad (Minn.) 56 N. W. 817; Hedges & White v. Farnham, 49 Kan. 777, 31 Pac. 606; Cowgell v. Warrington, 66 Iowa 666, 24 N. W. 266; Donner v. Redenbaugh, 61 Iowa 269, 16 N. W. 127. A promise to pay money to release such a contract is without any consideration whatever. The trial court also found that both parties were mistaken as to the legal effect of the contract, and did not know that the contract was void. Section 3843, Rev. Codes 1899 (section 5288, Rev. Codes 1905), provides that an apparent consent is not real or free when obtained through mistake. Section 3854 (section 5299, Rev. Codes 1905) provides that a mistake of law is a "misapprehension of the law by all parties, all supposing that they knew and understood it, and all making sub-

stantially the same mistake as to the law." The parties did not consent to the contract of release, and neither is bound by it as a matter of law. Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Pomeroy, Eq. Juris. vol. 2, section 846; Rued v. Cooper, 119 Cal. 463, 51 Pac. 704. The trial court did not err in refusing to find that the $75 item was due from the plaintiff under the contract.

The judgment is affirmed. All concur.