HARRY I. STELTZER, Appellant, v. MARY H. COMPTON, Defendant, CLATE KERLIN, LIZZIE KERLIN and WALTER FITZGERALD, Intervenors and Appellees.

**Specific performance:** MUTUALITY: RATIFICATION: EVIDENCE. Where
1  the wife did not join with the husband in a contract for the exchange of their homestead for other property, and did not ratify the contract of the husband, there was a want of mutuality authorizing refusal of specific performance. Evidence held insufficient to show ratification of the husband's contract by the wife.

**Same:** RESCISSION OF CONTRACT. Where a contract for the sale of land
2  was made by one of slight business experience, to be paid for by a conveyance of other property and the transfer of a note of a third person without recourse, and the evidence showed that the property to be taken was approximately of the value agreed upon but that the note was largely usurious, specific performance of the contract was properly denied; and after rescission, because of the usurious note, an offer by the other party to pay cash in lieu of the note would not defeat the right of rescission.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, NOVEMBER 5, 1914.

SUIT in equity for specific performance of a contract of exchange of properties. The trial court dismissed the petition, and the plaintiff appeals.—*Affirmed.*

*H. S. Dugan,* for appellant.

*F. G. Ryan* and *Harry Wifvat,* for appellee Compton.

*Ryan & Ryan,* for other appellees.　(Interveners.)

EVANS, J.—The parties hereto entered into a written contract whereby the defendant sold to the plaintiff one hundred and sixty acres of land at $140 per acre, and whereby the defendant agreed to accept payment therefor in the following manner:　(1) A house and lot at valuation of $8,000.　(2) A note of $2,100, signed by Walter Fitzgerald et al.　(3) A note of $2,200, signed by Walter Fitzgerald et al.　(4) The balance of the purchase money to be paid in cash and in the assumption of a certain incumbrance upon the farm.　The contract was entered into February 17, 1913, and was to be performed March 1st following.　Nothing was done by either party on March 1st or March 2d.　On March 3d the defendant formally repudiated the contract and served notice of rescission upon the plaintiff, with full tender.　The plaintiff brought this action, and the defendant pleaded a rescission.

Various grounds of rescission are urged, as follows: (1) The house and lot constituted the homestead of plaintiff and his wife.　The plaintiff's wife did not join in the contract.　It is urged, therefore, that the contract lacked mutuality at this point.　(2) It is further urged that the note of $2,100 was usurious, in that the principal part of its amount consisted of usurious exactions; that the makers thereof had so notified the defendant, and threatened defense.　(3) The written contract represented the $2,200 note to be secured by a first mortgage upon real estate, whereas in fact such mortgage was inferior to incumbrances amounting to $3,000. (4) That the defendant was overreached, and that the contract was unconscionable, in that the house and lot in question was not worth approximately $8,000, and in that the transfer

of the $2,100 note and the $2,200 note was to be "without recourse."

The trial court held that there was a clear want of mutuality in the contract for want of the signature of the plaintiff's wife. At this point it is contended for plaintiff

1. SPECIFIC PER-FORMANCE: mutuality: ratification: evidence.

that his wife fully ratified the contract, that she actually joined her husband in a proposed deed in pursuance thereof, and that the plaintiff notified the defendant of such fact, before her repudiation of the contract. Plaintiff's wife did not testify on the trial. The evidence of her ratification comes from her husband alone. He testified that on February 25th he prepared a deed in pursuance of the contract, and that his wife signed the same, and that he notified the defendant thereof by letter. This claim of notification is based upon the following statement in such letter:

I have the leases, my deed and the mortgage of your land made out, and I am ready to close up the deal as soon as I examine your abstract and you are ready. Kindly advise me.

We find nothing in the foregoing which indicates in any way that the plaintiff's wife had signed either the deed or the contract. Nor is there any other evidence tending to show that the plaintiff's wife bound herself to the defendant in any manner to the performance of her husband's contract. The ratification is therefore without support in the evidence. The trial court, therefore, properly dismissed the petition. We may say, further, that the case is one wherein specific performance might well be denied on other grounds.

The defendant was a widow of little business experience. The house and lot were not worth approximately $8,000. The plaintiff acquired the same a few months previous. He had

2. SAME: rescission of contract.

taken it in a trade at a valuation of $5,100. He increased its value to some extent by improvements. The $2,100 note was reeking with usury. The contract required the defendant to take it

"without recourse." As to the $2,200 note, the security was concededly sufficient, even though not a first mortgage, and that may be eliminated from consideration. As to the $2,100 note, the plaintiff offered to pay the cash in lieu thereof, and such offer was made upon the trial. Plaintiff had already exercised her right of rescission, and her status was thereby fixed. The plaintiff could not change her right by subsequent offers of concession.

Specific performance, therefore, was properly refused, and the decree below is accordingly—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.