1998 OK CIV APP 21

1998 OK CIV APP 21

**METROPLEX PROPERTIES, L.L.C., a Colorado Limited Liability Company, Plaintiff/Appellant,**

v.

**ORAL ROBERTS UNIVERSITY, an Oklahoma corporation; Richard D. Roberts, an individual; Jeffrey D. Geuder, an individual; Robert David, an individual; and Property Company of America Realty, Inc., an Oklahoma corporation, Defendants/Appellees.**

No. 90321.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 6, 1998.

---

Gary L. Richardson, Keith A. Ward, Tulsa, for Appellant.

Jack H. Santee, John E. Rooney, Jr., James E. Maupin, Tulsa, for Appellees Oral Roberts University, Richard Roberts, Jeffrey D. Geuder and Robert David.

J. Warren Jackman, Randall G. Vaughn, Tulsa, for Appellee, Property Company of America Realty, Inc.

## OPINION

GARRETT, Judge:

¶ 1 Appellant, Metroplex Properties, L.L.C.,[1] sued Appellees, Oral Roberts Uni-

---

1. Metroplex obtained its interest in the contract through an assignment from Travis Anderson.

versity (ORU), Richard D. Roberts (Roberts), Jeffrey D. Gueder (Geuder), Robert David (David) and Property Company of America Realty, Inc. (Realty), alleging they prevented its performance in exercising an option to purchase real estate owned by ORU known as CityPlex. Metroplex alleged they failed to provide it with "due diligence" documents which it needed to decide whether to exercise its option. Metroplex sued for negligence, tortious interference with contract and fraud. Appellees moved to dismiss Metroplex's amended petition for failure to state a claim for which relief can be granted, under 12 O.S.1991 § 2012(b)(6). The court sustained the motion, giving Metroplex twenty days to amend its petition.

¶ 2 Metroplex filed an amended petition, and Appellees filed motions to dismiss the amended petition. The trial court sustained the motion, finding the defects in the petition could not be remedied by further pleading. The action was dismissed with prejudice, and this appeal followed.

## FEDERAL ACTION

¶ 3 Before this case was filed, ORU sued Metroplex and Anderson in federal court [2] seeking a declaratory judgment that Metroplex failed to exercise the option, that the option period had expired and that the option was no longer effective to create any right or interest in the property. Metroplex answered and counter claimed against ORU on the basis of breach of contract and specific performance. In its counter claim, Metroplex alleged:

## BREACH OF CONTRACT

3. ORU has wholly failed to fulfill its obligations under the Option Agreement, thereby preventing Metroplex from exercising its option under that agreement.

4. As a result of ORU's breach of the Option Agreement, Metroplex has sustained consequential damages in excess of $50,000.00 and has suffered lost profits in excess of $100,000,000.00.

## SPECIFIC PERFORMANCE

5. Alternatively to seeking monetary damage referenced above, Metroplex would seek specific performance under the terms and conditions under the Option Agreement, specifically that ORU would fulfill its obligations set forth therein so that Metroplex could then decide whether to exercise its rights under the provisions of the Option Agreement.

¶ 4 Among the affirmative defenses raised by Metroplex were: (1) its denial the option had expired; (2) a modification of the option agreement and (3) the defenses of laches, waiver and estoppel against ORU's claim the option has expired.

¶ 5 The federal court ruled the option agreement expired at 5 p.m. on January 27, 1995. The court found the agreement was clear and unambiguous, and that Metroplex could not bring an action for damages under the agreement, notwithstanding its failure to timely exercise the option. The court held:

Defendants' argument that they may seek remedies under section 13.2, notwithstanding the unambiguous terms of Section 2.2 and 2.1, is unavailing. Assuming *arguendo* that Seller had failed to perform its obligations under the Agreement, the remedies specified in section 13.2 expressly grant Purchaser two choices: "Purchaser may elect to terminate this Agreement, or to obtain specific performance thereof together with any and all damages to which Purchaser may be entitled to the extent not inconsistent with its remedy of specific performance." In this case, Metroplex did not select either choice during the option period. Thus, any remedies specified in the Agreement are unavailable to Metroplex, since the Agreement has expired and is no longer in effect. If Defendants believed that the conduct of Plaintiff was interfering with their ability to receive the benefit of their bargain under the Agreement, section 13.2 clearly contemplates that Defendants should have exercised the option and brought an action for specific performance, plus "any and all damages to

2. *Oral Roberts University v. Travis Anderson and Metroplex Properties, L.L.C.,* Case No. 95–CV–

583–H, in the United States District Court for the Northern District of Oklahoma.

which Purchaser maybe entitled to the extent not inconsistent with its remedy of specific performance." *Accord Bobo v. Bigbee,* 548 P.2d 224 (Okl.1976) (holding that only when an optionee has exercised his option may he be entitled to a decree for specific performance). Simply stated, once the option period expires, the Agreement by its own terms is terminated and the remedies previously available under section 13.2 are null and void.

In the alternative, Defendants argue that ORU is equitably estopped from asserting that the option term expired January 27, 1995, by virtue of certain statements by ORU President Richard Roberts at a meeting on January 18, 1995. The Court rejects this argument. First, there is no evidence in the record that at the meeting on January 18, 1995, Mr. Roberts made any representations that would have modified the obligations of either party under the Agreement. Second, any purported oral modifications would have no force or effect as a result of section 14.9 of the Agreement, quoted above. Finally, Defendants have identified no authorities, and the Court has been unable to locate any, that would support the argument of equitable estoppel such that "ORU tolled all time for performance by Metroplex under the Agreement." Accordingly, this argument must fail. [Footnotes omitted]

### THE INSTANT ACTION

¶ 6   The propositions of error raised by Metroplex for reversal are:

1. Did Metroplex's amended petition state a cognizable claim for relief against any of the defendants?

2. Does the amended petition contain facts which affirmatively demonstrate that Metroplex is barred from relief?

3. Does the amended petition demonstrate there are no facts which could possibly be proven that would entitle Metroplex to relief? See *A–Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n,* 936 P.2d 916, 922 (Okl.1997).[3]

¶ 7   In the present action, Metroplex alleged the combined negligence of the Appellees proximately caused it to lose its contractual rights under the agreement, resulting in economic loss to Metroplex. Specifically, it alleged Appellees failed to perform their respective obligations under the contract to enable Metroplex to exercise its option, showing gross negligence and wanton and reckless disregard for its rights. Also, it claimed ORU's delegation of its obligation to the other Appellees and its failure to adequately supervise their actions was grossly negligent.

¶ 8   In its claim for tortious interference with contract, Metroplex alleged the actions of Appellees Roberts, Geuder, David and Realty were calculated to, and did, actually interfere with its contractual rights with ORU and prevented it from exercising its contractual rights with ORU. Also, it alleged their actions were outside the scope of the authority delegated to it by ORU and were inconsistent and in opposition to the directives and the express wishes of ORU's Board of Regents.

¶ 9   As to its fraud claim, Metroplex alleged the Appellees made calculated misrepresentations to its representatives, and omitted disclosing facts they were under a duty to disclose as a result of their relationship. Metroplex alleged it relied on the misrepresentations and omissions to its economic detriment. It contended the misrepresentations were deceitful and caused it to be unable to exercise its option and cost it the benefit of its contractual rights with ORU. The alleged misrepresentations in support of its fraud claim include:

1. Roberts and Gueder falsely represented in a written communication, knowing the statements to be false, that ORU had performed certain obligations under the Agreement it had not performed.

2. Although Appellees were aware ORU was under an obligation to obtain Metroplex's approval before executing any new tenant leases during the option period, they secretly arranged and entered into new leases without informing Metroplex.

**3.**   1997 OK 37, 936 P.2d 916.

3. Roberts' actions in January, 1995, were designed to lull Metroplex into non-enforcement of its rights and obligations, i.e., causing a representative of Metroplex to move to Tulsa, Oklahoma from Denver, Colorado, when he was aware ORU was in violation of its obligations and did not intend to perform its obligations. Roberts misrepresented that he would encourage ORU's Board of Regents to perform the contract or an amended contract, but was secretly planning to omit facts to the Regents to prevent them from making an informed decision.

4. Roberts misrepresented to Metroplex he would support the approval of an amendment to the contract, but his statements were false and intended to deceive in that he intended to frustrate any amendments to the contract. His actions were part of a deception to wrongfully induce Metroplex into making cash loans to ORU it was not obligated to make.

5. David misrepresented he and Realty obtained estoppel certificates from every tenant, knowing this to be false. The statements were intended to cause Metroplex to believe ORU was performing its obligations when they knew it was not. This lulled Metroplex into a false belief that ORU was honoring its obligations to prevent Metroplex from enforcing ORU's obligations against it.

¶ 10 It alleged ORU and Realty are liable for the acts of their agents acting within the scope of their employment under the doctrine of *respondeat superior.* Under the law of agency, it claims ORU is liable for the acts of Realty and David.

▪ ¶ 11 In this proceeding, ORU contended that the issues raised against it have already been considered and rejected by the federal court. It also contends the claims asserted in Metroplex's amended petition were compulsory counterclaims Metroplex failed to assert in the federal case. Therefore, ORU contends the doctrine of *res judicata* bars any further claims being brought against it. We agree.

¶ 12 Pursuant to Rule 13(a), Federal Rules of Civil Procedure, compulsory counterclaims arise as follows:

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

▪ ¶ 13 As to ORU, the claims raised in the federal case disposed of the claims raised here. The essence of the claims raised in this action relate to ORU's alleged failure to provide documents to Metroplex during the option period, *as provided in their Agreement.* Whether ORU's alleged failure was negligent, fraudulent or intentionally tortious, it arose out of the contract with Metroplex. Therefore, Metroplex was required to raise these issues as compulsory counterclaims in federal court. A counterclaim is compulsory if issues of fact and law raised by principal claim and counterclaim are largely the same, *res judicata* would bar subsequent suit on the defendant's claim, the same evidence supports or refutes the principal claim and counterclaim, and there is a logical relationship between the claim and counterclaim. See *F.D.I.C. v. Hulsey,* 22 F.3d 1472 (10th Cir.1994). The claims raised against ORU now are barred under the doctrine of *res judicata. McIntosh v. Limestone National Bank,* 1995 OK CIV APP 24, 894 P.2d 1145.

¶ 14 As to the remaining Appellees, i.e., the individuals and Realty, the property management company for whom Appellee David works, we agree with the trial court that Metroplex's amended petition fails to state a claim for which relief can be granted, pursuant to 12 O.S.1991 § 2012(B)(6).

¶ 15 As to Metroplex's claims of negligence against the remaining Appellees, there is no legal duty owed by them to Metroplex which is a necessary element of a claim for negligence. It is also a question of law for the court. See *Wofford v. Eastern State Hosp.*, 1990 OK 77, 795 P.2d 516; *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, 631 P.2d 752. The cases cited by Metroplex making a principal's agent liable for negligence for breach of duty are distinguishable factually, as correctly noted by Appellees.

¶ 16 As to Metroplex's claim for tortious interference with contract, it is well settled in Oklahoma that an agent cannot be liable for wrongfully interfering with a contract if the agent is acting in a representative capacity for the party to the contract. See *Voiles v. Santa Fe Minerals*, 1996 OK 13, 911 P.2d 1205. See also *Ray v. American National Bank & Trust Co.*, 1994 OK 100, 894 P.2d 1056.

¶ 17 Metroplex's claim for fraud also fails under § 2012(b)(6). The elements of fraud are noted in *Whitson v. Oklahoma Farmers Union Ins. Co.*, 1995 OK 4 ¶ 5, 889 P.2d 285, 287. They are: (1) a material false representation, (2) made with knowledge of its falsity, or recklessly made without knowledge of its truth, and as a positive assertion, (3) with the intention that it be relied upon by another, (4) reliance thereon by another party to its injury, and (5) that all elements be proven with a reasonable degree of certainty, citing *Austin v. Cockings*, 1994 OK 29, 871 P.2d 33. Metroplex contends, *inter alia*, Roberts falsely stated he would support the approval of an amendment to the contract, knowing that he intended to frustrate any amendments; that he made the deceptive statements to lure Metroplex into making loans it was not required to make; and that the misrepresentations were made for the purpose of lulling Metroplex into non-enforcement of the contract. However, it is undisputed herein that Metroplex did *not* exercise the option under the Agreement, indicating there was no detrimental reliance by Metroplex on the alleged statements because there was no injury.

¶ 18 A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief. *A–Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n*, 1997 OK 37, 936 P.2d 916. The above and foregoing discussion discloses that Metroplex cannot state any set of facts which will support a claim.

¶ 19 **AFFIRMED.**

JOPLIN, P.J., and JONES, V.C.J., concur.

