Roy M. THOMPSON, Appellant,

v.

MADISON MACHINERY COMPANY, INC., an Oklahoma corporation, and Darrell "Curly" Stewart, Appellees.

No. 60298.

Court of Appeals of Oklahoma, Division No. 2.

May 8, 1984.

Rehearing Denied May 23, 1984.

Released for Publication by Order of Court of Appeals June 25, 1984.

Jon B. Comstock, Garrison & Comstock, Inc., Tulsa, for appellant.

Michael W. McGivern, McGivern, Scott, Gilliard & McGivern, Tulsa, for appellee Madison Machinery.

Scott T. Knowles, Wilburn, Knowles & King, Tulsa, for appellee Stewart.

MEANS, Presiding Judge.

Injured employee appeals from the trial court's sustainment of motions for summary judgment. The trial court granted summary judgment for defendants, finding that the employee's injury fell within the exclusive remedy of workers' compensation. Having reviewed the record and applicable law, we affirm in part, reverse in part and remand.

On July 25, 1981, Roy Thompson was injured at work. Thompson was struck in the face with a twelve inch crescent wrench during an argument with defendant Stewart. At the time of the incident, Stewart allegedly was Thompson's co-employee as well as his employer. Stewart was part owner of defendant Madison Machinery. Although there is a dispute as to who initiated the fight, there is no dispute concerning the fact that Stewart hit Thompson with a wrench and that Thompson suffered a broken jaw.

Thompson filed a workers' compensation claim and then elected to hold that claim in abeyance while he pursued actions against both Madison Machinery and Stewart in district court.

On October 13, 1981, Thompson sued Stewart and Madison Machinery alleging that the injury he suffered was a result of a willful, wrongful, and intentional assault and battery committed by Stewart. Thompson contended that at the time of the alleged assault Stewart was acting as an agent of Madison Machinery, and that Stewart and Madison Machinery had conspired to terminate his employment. Thompson sought compensatory and punitive damages.

Both Stewart and Madison Machinery contended that Thompson was the aggressor and that Stewart merely acted in self-defense. Defendants further contended that the injury fell within the exclusive remedy of the workers' compensation laws. Madison Machinery asserted that it could not be held liable for Stewart's actions unless it had authorized or ratified his conduct.

On May 6, 1983, the trial court sustained defendants' motions for summary judgment, finding that "Plaintiff's claim falls within the exclusive remedy provisions of the Workers' Compensation Act." Thompson has appealed.

Thompson raises two basic issues on appeal. He states that the nature of the employer's conduct was a substantial controversy concerning a material fact which would have precluded summary judgment. Secondly, he urges us to find that an employee who is the victim of an intentional tort is not precluded from bringing a cause of action for damages in district court.

## I

Before we determine whether summary judgment was proper as to the defendants, we must address the issue of exclusiveness of Thompson's remedy. Only if we find that Thompson may maintain a common law action in tort will we need to address the question of whether a substantial controversy exists.

Defendants point to the exclusive remedy of workers' compensation for employees such as Thompson who are injured at work. This exclusiveness is stated in 85 O.S.1981 § 11, which provides in part:

Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation ... for the disability or death of his employee resulting from an *accidental* personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury .... (footnote omitted; emphasis added)

Title 85 O.S.1981 § 12, provides that the workers' compensation remedy is exclusive and in place of all other liability of the employer.

Defendants rely on the exclusive remedy of workers' compensation and cite Oklahoma case law where employees injured while fighting have been allowed compensation. Defendants would have this court hold that an employee whose injury occurs during a fight is barred from bringing a common law tort action against either his employer or the aggressor who injures him.

Although the Oklahoma courts have determined that under certain circumstances employees injured while fighting are allowed to recover compensation, the issue of whether compensation is the exclusive remedy for such injuries has never been reached. Defendants would seem to imply that regardless of whether the employee's injury is the result of intentional, accidental, or negligent conduct, workers' compensation is the exclusive remedy as long as the injury occurred during the course and scope of employment. This does not appear to be the law in Oklahoma.

In *Burrell v. Prewitt,* 445 P.2d 279 (Okla.1968), an employee injured during a fight was allowed compensation. Defendants use the *Burrell* case to state that workers' compensation is the employee's exclusive remedy when injured during a fight at work. However, this court notes that the issue in *Burrell* concerned whether the employee could recover workers' compensation. The exclusiveness of the remedy was not even a remote issue. The employee in *Burrell* was injured by willful acts of a third party while the employee was trying to discharge his employment. The court did not address the question of a common law action brought by the injured employee against the aggressor.

Defendants would have workers' compensation as the exclusive remedy for both accidental and intentional injuries. We do not find this to be the law in Oklahoma. Contrary to what defendants contend, the Oklahoma Supreme Court in *Roberts v.*

*Barclay,* 369 P.2d 808, 809 (Okla.1962), stated:

> Since our Workmen's Compensation Law by its terms applies only to disability or death resulting from *accidental* injuries ... it may be conceded that an employee who has been *wilfully* injured by his employer has a common law action for damages. (emphasis supplied; citations omitted)

The *Roberts* court, however, determined that the plaintiff had not made sufficient allegations in his petition to withstand the defendant's demurrer. Nowhere had the plaintiff stated how he was willfully injured by his employer. Without specific allegations of willful conduct, the demurrer was properly sustained and workers' compensation was the exclusive remedy.

In an early attack on the constitutionality of the exclusive workers' compensation remedy, the court explained that the Act was designed to cover only accidental injuries. In *Adams v. Iten Biscuit Co.,* 63 Okla. 52, 60, 162 P. 938, 945 (1917), the supreme court stated:

> It is urged that the injuries covered by the act are only those of an accidental nature, and that the employe cannot recover thereunder for a willful injury caused by his employer, and thus he is deprived of the equal protection of the laws. The act does not undertake to regulate willful injuries of the character mentioned, but leaves the injured employe to his remedy as it existed when the act was passed.
>
> ... *It embraces all kinds of accidental injuries* not resulting in death, whether occurring from the negligence of the employer or not, arising out of and in the course of employment, *but does not include willful or intentional injuries inflicted by the employer, nor injuries resulting from an intent upon the part of the employe to injure himself or another .... A willful or intentional injury, whether inflicted by the employer or employe, could not be considered as accidental,* and therefore is not covered by the act. (emphasis added)

In *United States Zinc Co. v. Ross,* 87 Okla. 21, 22, 208 P. 805, 806 (1922), the court reiterated its statements from *Adams,* in stating that workers' compensation was the exclusive remedy "unless the injury was willfully inflicted by the employer." In *Hull v. Wolfe,* 393 P.2d 491, 493 (Okla. 1964), the court noted *Adams* once again and stated: "This Court declared the Act was intended to cover all accidental injuries, but did not include willful or intentional injuries whether inflicted *by the employer or the employee,* since same was not accidental." (emphasis added)

■ There is no doubt that Thompson was injured. Thompson himself first filed a workers' compensation claim and has already been awarded two weeks' compensation. Thompson has alleged that his injuries were the result of Stewart's allegedly intentional act and thus he is not precluded from bringing a common law tort action. We agree.

■ This court, like those before us, determines that the workers' compensation statutes were designed to provide the exclusive remedy for accidental injuries sustained during the course and scope of a worker's employment. The statutes were not designed to shield employers or co-employees from willful, intentional or even violent conduct. Having determined that Thompson is not precluded from bringing his common law action against his employer and fellow employee, we now determine whether summary judgment was proper.

## II

■ District Court Rule 13(a), 12 O.S. 1981, ch. 2, app., provides in part:

> A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, stipulations, answers to interrogatories and demands to admit, affidavits, and exhibits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact.

A motion for summary judgment may be properly sustained only if no question concerning any material fact remains to be determined. *Garner v. Johnson,* 609 P.2d 760, 762–63 (Okla.1980). The trial court's ruling on a motion for summary judgment must be made on the record which the parties have actually presented and not on a record which is potentially possible. *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489, 494 (Okla.1974).

■ On review to this court, all inferences and conclusions to be drawn from the underlying facts in the record presented below should be viewed in the light most favorable to the party opposing the motion. *Rose v. Sapulpa Rural Water Co.,* 631 P.2d 752, 754 (Okla.1981). This court has the obligation to examine the items enumerated under Rule 13, which are found in the record, to determine what facts are material to the cause of action and to determine whether the evidentiary materials introduced indicate no substantial controversy as to any material fact. *Weaver v. Pryor Jeffersonian,* 569 P.2d 967, 973 (Okla.1977).

We first turn to the question of whether summary judgment was appropriate as to defendant Madison Machinery. Thompson alleged that Stewart was acting as Madison Machinery's agent at the time of the incident. The record, however, is totally devoid of evidence to support Thompson's contention. Thompson's own testimony shows that he did not believe there was a conspiracy. In his deposition he stated:

Q You have alleged in there that there was a conspiracy to get you to quit your job or terminate your employment, I think is the way you put it; is that correct?

A Yes.

Q Could you tell me what you mean by that?

A Well, I don't believe it was as a company thing. It was on Stewart's part. It was just the little things that don't in theirselves [*sic*] mean nothing, mean not a whole lot anyway. Remarks he would make, just passing remarks. At one time he had wanted me to—wanted a foreman's job for me. He had told me that. But as time went by, he just got where he—it was just his attitude toward me more than what was said.

Q Is that as a co-employee in the shop?

A Yes.

Q He wasn't the person that was giving you directions as far as what your job was to do or anything like that?

A He wasn't supposed to be. My bosses were Don Figart and, of course, Monard, by running the company, but there has been many times when Don would go and Stewart would come to me and just harrass [*sic*] me with, "Hey, this one's doing that. Do something about it. The other one's doing that. Do something about it." This was not his provence [*sic*].

. . . .

Q Was this a personal disagreement that you had between you and Mr. Stewart?

A I guess you would call it personal, yes. Let me stop on that for just a minute. I would call it personal in one respect, but seeing as he is part owner of the company, it would be disagreement with the company to that effect, too.

Q Well, you indicated earlier that this didn't have anything to do with the company, didn't you?

A Did I?

Q As far as conspiring to get you to quit, they had already offered you a raise, did they not, just shortly before this?

A Yes.

■ We note that nothing in the record supports an allegation of a conspiracy to terminate Thompson's employment. Although Thompson alleged a conspiracy, he cannot rely on his own pleadings in opposition to his own statements in a deposition presented in support of a motion for summary judgment. *Weeks v. Wedgewood Village, Inc.,* 554 P.2d 780, 784 (Okla.1976).

 Likewise, there is nothing in the record before us to show that Stewart was acting other than as a co-employee at the time of the alleged assault. Thompson seeks to hold Madison Machinery responsible for the alleged intentional tort committed by Stewart using the doctrine of respondeat superior. However, in order to hold the company responsible for Stewart's action, it must be made to appear that the relationship of principal and agent existed between the two at the time the tort was committed. Furthermore, the tortious act must have been committed in the course of the servant's or agent's employment. Finally, the doctrine of respondeat superior applies only when the relation of principal and agent is shown to exist at the time and in respect to the very transaction out of which the injury arose. *Allison v. Gilmore, Gardner & Kirk, Inc.*, 350 P.2d 287, 292 (Okla.1960).

Once again, Thompson's own testimony shows that Stewart was acting on his own behalf and outside the scope of his responsibility as an employer and co-owner. From the evidentiary material consisting of Stewart's and Thompson's depositions, presented in response to the motion for summary judgment and taken in the light most favorable to Thompson, we find nothing which raises a substantial controversy as to whether Stewart was acting as Madison Machinery's agent at the time of the incident. Therefore, the motion for summary judgment entered by defendant Madison Machinery was properly sustained and is affirmed.

### III

 We next consider whether summary judgment was appropriate as to defendant Stewart. We note once again that summary judgment is appropriate only when there is no substantial controversy as to any material fact.

As stated above, Thompson is not precluded from pursuing a common law tort action against Stewart if the injury was not accidental. An examination of Stewart's and Thompson's depositions reveals a heated dispute as to whose behavior initiated the argument which resulted in Stewart's injury. Both parties contend that the other was the aggressor. Thompson's entire cause of action is premised on Stewart's alleged intentional act, while Stewart's position is that he struck in self-defense. Both issues were highly contested and as such are fact questions for the jury to resolve.

The importance of this controverted fact is seen by its extreme significance to the determination of Thompson's cause of action. If the jury determines that Stewart was the aggressor and that the assault was intentional, then Thompson's injury was not "accidental" as those which fall within the realm of the exclusive coverage of 85 O.S.1981 §§ 11 and 12. If the jury reaches a contrary result, then Thompson will be forced to pursue a compensation claim. Although the summary judgment procedure is properly invoked when it eliminates a useless trial, it does not serve justice when used to "defeat a litigant's right to have a jury resolve a factual issue bearing significantly on the outcome of the case." *Martin v. Chapel, Wilkinson, Riggs, and Abney*, 637 P.2d 81, 84 (Okla.1981).

We find that a substantial controversy exists as to the nature and conduct of the argument which led to Thompson's injury. Accordingly, defendant Stewart's motion for summary judgment was improperly sustained. The cause of action against Stewart is reversed and remanded for trial.

BAGON, J., and STUBBLEFIELD, J. (sitting by designation), concur.