**Judy PURSELL, Kristine Honts, Debra Cassidy, a minor By and Through her next friend, Gerald Cassidy, Lorna Boyett, and Joan Leclair, Appellants,**

v.

**PIZZA INN INCORPORATED, Colin Williams, Morad Kasiri and Marty Green, Appellees.**

**Nos. 67996, 67523.**

Court of Appeals of Oklahoma, Division No. 3.

Jan. 16, 1990.

Mike W. Speegle, Oklahoma City, for appellants.

Gerald P. Green and Frances E. Patton, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for appellee Pizza Inn Inc.

Rodney C. Ramsey, Stewart & Elder, Oklahoma City, for appellee Marty Green.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellants seek review of the Trial Court's orders granting motions to dismiss and for summary judgment to Appellees based on lack of subject matter jurisdiction. The Appellants (Employees) were employed by Appellee Pizza Inn (Company) under the supervision of Appellees Williams, Kasiri and Green (Supervisors). Appellants filed suit against Appellees, alleging that Supervisors sexually "battered" and harassed them, and that Company was negligent in the hiring and supervision of Supervisors, causing damages.

Appellee Company moved to dismiss Appellants' case, asserting that Appellants' claims were governed by the Workers' Compensation Act, and that the District Court was therefore without jurisdiction. Appellee Green moved for summary judg-

ment, also arguing lack of jurisdiction and exclusivity of Workers' Compensation remedies. The Trial Court agreed with Appellees, dismissed Company from the suit and granted summary judgment to Supervisor Green. Appellants now appeal those orders as to Company in Case No. 67,523, and as to Appellee Green in Case No. 67,996. The appeals have been consolidated for resolution under surviving Case No. 67,996.

Under the facts and circumstances of this particular case, we find the Trial Court erred in dismissing Appellant's. action against Company and granting judgment to Green. While it is true that 85 O.S. § 11 and § 12 provide for an exclusive Worker's Compensation remedy to employees who sustain accidental on-the-job injuries, we find that the Appellant's allegations of intentional and/or willful injury at the hands of Supervisors, agents of Company, take the Appellant's claims outside of the exclusive remedy provision of § 12. *Thompson v. Madison Machinery Co.*, 684 P.2d 565 (Okl.App.1984); *Roberts v. Barclay*, 369 P.2d 808 (Okl.1962); *United States Zinc Co. v. Ross*, 87 Okl. 21, 208 P. 805 (1922); *Adams v. Iten Biscuit Co.*, 63 Okl. 52, 162 P. 938 (1917). As Judge Means noted in *Thompson:*

> This court, like those before us, determines that the worker's compensation statutes were designed to provide the exclusive remedy for *accidental* injuries sustained during the course and scope of a worker's employment. The [worker's compensation] statutes *were not* designed to shield employers or co-employees from *willful, intentional or even violent conduct.*

684 P.2d at 568. (Emphasis added.)

Under this rationale, we conclude that Appellants are not prevented by the exclusive remedy provisions of the Worker's Compensation Act from bringing this common law action. *Thompson,* 684 P.2d at 568. We therefore find the Trial Court erred in dismissing Appellee Company and granting judgment to Appellee Supervisor based on a perceived lack of subject matter jurisdiction.

The orders of the Trial Court are therefore REVERSED, and the causes REMANDED for further proceedings not inconsistent herewith.

HANSEN, P.J., and GARRETT, J., concur.