Paul D. WHITSON, Appellant,

v.

OKLAHOMA FARMERS UNION MUTU-
AL INSURANCE COMPANY, and Bill
Spears, individually, Appellees.

No. 80860.

Supreme Court of Oklahoma.

Jan. 31, 1995.

Everett J. Sweeney, Norman, for appellant.

Phillip P. Owens, II, Teresa Cauthron, Tom L. King, King, Roberts & Beeler, Oklahoma City, for appellees.

## OPINION

WATT, Justice.

The question before us is whether a successful workers' compensation claimant may later assert a tort claim against his employer for the manner in which the employer defended the worker's compensation claim. We hold that he may not.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Paul D. Whitson, was employed as an adjuster by the Lawton office of Oklahoma Farmers Union Mutual Insurance Company from April through August 1989. Whitson filed a workers' compensation claim on May 18, 1990 in which he claimed that on June 20, 1989 he had twisted his left knee in Frederick, Oklahoma while working for OFU. Bill Spears, who was OFU's Oklahoma City claims manager and Whitson's supervisor, told OFU's insurance carrier that OFU did not receive notice of Whitson's injury within the sixty days required by law. Whitson also alleged that Spears instructed other OFU employees to deny that OFU had received notice of Whitson's claim. The record reflects that, despite Spears's actions, OFU's agent in Frederick confirmed Whitson's accident to the investigator for the workers' compensation carrier early in his investigation. On April 18, 1991, the Workers' Compensation Court rejected OFU's contention that it had not received notice within sixty days of Whitson's accident, and awarded Whitson $21,625.00. OFU's insurance carrier paid Whitson's award in full on May 17, 1991.

On June 20, 1991, Whitson filed this suit seeking damages against OFU and Spears. Whitson contended that Spears's conduct was actionable on the grounds of fraud and bad faith. The District Court of Oklahoma County, Honorable Dan Owens, Trial Judge, granted summary judgment to OFU and Spears. The Court of Appeals, Division 2, reversed on the ground that the defendants' bad faith had been established by affidavits filed by Whitson, and remanded the case for trial on damages only. OFU and Spears sought, and we granted, certiorari.

## DISCUSSION

*Whitson's Claims of Negligence and Fraud*

■ Whitson claims that he has causes of action in negligence and for fraud. We disagree. Title 85 O.S.1991 § 12 provides that the liability created by the Workers' Compensation Act "shall be exclusive and in place of all other liability of the employer and any of his employees." Whitson, therefore, has no right to claim damages for negligence here. *Harter Concrete Products, Inc. v. Harris*, 592 P.2d 526 (Okla.1979).

■ Whitson's fraud claim must also fail. In order to establish a cause of action for fraud one must plead and prove: (1) a material false representation, (2) made with knowledge of its falsity, or recklessly made without knowledge of its truth, and as a positive assertion, (3) *with the intention that it be relied upon by another,* (4) *reliance thereon by another party to its injury,* and (5) that all elements be proven with a reasonable degree of certainty. *Austin v. Cockings,* 871 P.2d 33, 35 (Okla.1994). Clearly, Spears did not intend for Whitson to rely on his statements to OFU's workers' compensation insurer, and Whitson did not rely on them. Thus, Whitson failed to state a cause of action for fraud.

### Whitson's Tortious Interference With Contract Claim

■ Whitson has no cause of action for tortious interference with contract because OFU was a party to the insurance contract with which Whitson claims OFU interfered. "A cause of action for wrongful interference with contract can arise only when one *who is not a party to a contract* interferes with that contract." [Emphasis added.] *Ray v. American National Bank & Trust Company of Sapulpa,* —— P.2d ——, 1994 WL 375943 (Okla.1994). Further, Whitson sought, and was paid the compensation that he sought. Thus, he suffered no damages.

### The Exclusivity of the Workers' Compensation Remedy

Whitson contends that the exclusivity provision of 85 O.S.1991 § 12 does not apply here because Spears's conduct was intentional, not negligent. Whitson relies on two Court of Appeals opinions, *Pursell v. Pizza Inn Inc.,* 786 P.2d 716 (Okla.App.1990), and *Thompson v. Madison Machinery Co.,* 684 P.2d 565 (Okla.App.1984). Without passing upon the propriety of either of these Court of Appeals opinions, we find that neither is applicable to the facts before us today. In both *Pursell* and *Thompson,* the Court of Appeals allowed workers injured as the result of intentional misconduct to sue at com-

mon law. Those workers, however, *had been paid no workers' compensation benefits.* Here, in contrast, Whitson sued OFU and Spears after receiving a $21,625.00 Workers' Compensation Court award. Thus, neither *Pursell* nor *Thompson* supports Whitson's position. For reasons that we will discuss in the balance of this opinion, we hold that Whitson is not entitled to assert a common law claim for the allegedly intentional bad faith of OFU and Spears.

### The Implied Duty of Good Faith and Fair Dealing

■ Whitson claims that OFU had a duty of good faith toward him tantamount to that owed by an insurance company to its insured. We disagree. Whitson relies on *Goodwin v. Old Republic Ins. Co.,* 828 P.2d 431 (Okla. 1992). There we held that a workers' compensation *insurance carrier* owed a duty of good faith and fair dealing to the injured workers' compensation claimant. We so held because 85 O.S.1991 § 65.3 provides that workers are third-party beneficiaries of their employers' workers' compensation liability insurance policies. We also held that an injured worker has a cause of action for bad faith against his employer's insurance carrier for refusing to timely pay the injured worker's compensation award.[1] But we noted that 85 O.S.1991 § 12 applies expressly to employers, although not to workers' compensation insurance carriers. Thus, an employer's liability to an injured worker is limited to that created by § 12 of the Workers' Compensation Act.

We also held in *Goodwin* that "a bad faith claim is separate and apart from the work relationship, and it *arises against the insurer only after there has been an award against the employer.*" [Emphasis added.] *Id.* at 434. The same limitation applies where the employer's bad faith in the handling of the claim is concerned. Whitson's claim that OFU and Spears are liable for Spears's conduct involves Spears's activities *before the Workers' Compensation Court entered any award against OFU.* Thus, Spears's acts

---

1. Although we recognized the existence of the cause of action in *Goodwin,* we held that the record was inadequate to support the injured worker's bad faith claim.

were not actionable and could not have been so.

Whitson left his employment with OFU nine months before he filed his workers' compensation claim. His injury had occurred nearly a year before he filed his claim. That Spears reacted aggressively, perhaps over-aggressively, to Whitson's claim is hardly surprising. Our Workers' Compensation Court is a court of record. Unlike the workers's compensation schemes of many other states, our Workers' Compensation Court is not an administrative agency. There is no reason to allow a tort cause of action for a too aggressive defense of a workers' compensation claim—especially where the claimant is no longer in the defendant's employ. A *successful* plaintiff in a personal injury action certainly has no cause of action against the defendant for the defendant's unsuccessful attempts to defeat of action against the defendant for the defendant's unsuccessful attempts to defeat the suit. Similarly, Whitson has no cause of action against OFU and Spears for bad faith arising from Spears's activities in defending Whitson's workers' compensation claim.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT'S JUDGMENT AFFIRMED.

KAUGER, V.C.J., and HODGES, LAVENDER and HARGRAVE, JJ., concur.

SIMMS, OPALA and SUMMERS, JJ., concur in judgment.

ALMA WILSON, C.J., dissents.