**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY PADDOCK and DEBRA
PADDOCK, husband and wife,

Plaintiffs - Appellants,

v.

FIRST UNION NATIONAL BANK
OF FLORIDA,

Defendant - Appellee.

No. 99-6099
(D. Ct. No. 98-CV-166-L)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **HOLLOWAY** , and **TACHA** , Circuit Judges.

Plaintiffs appeal from the district court's grant of summary judgment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I.**

In 1987, while living in Florida, the plaintiffs Paddock purchased a boat. The Paddocks financed the purchase through Florida National Bank, a predecessor to defendant First Union National Bank. The installment contract required the

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Paddocks to maintain physical damage insurance on the boat throughout the term of the financing. The contract further provided that if the Paddocks did not maintain insurance, the bank could obtain it for them.

In 1993, First Union filed suit in Florida state court, alleging that plaintiffs had failed to make a required installment payment. The state court entered judgment in favor of First Union in the amount of $4364.68. The court gave the Paddocks credit for all installment payments made to date. However, the court further found that the Paddocks owed First Union for insurance purchased by the bank and expenses incurred in the attempted repossession of the collateral.

In 1995, a federal district court in Florida certified a class action against First Union. The class complaint alleged that First Union used the mails to demand and collect unauthorized insurance premiums in violation of the federal mail fraud statute, 18 U.S.C. § 1341, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. The class action also charged that First Union violated the Truth in Lending Act, 15 U.S.C. § 1640, and breached individual consumer credit contracts. The Paddocks qualified as members of the class and did not request exclusion from the suit.

In 1996, the federal district court entered a Settlement Order and Judgment in the class action. The judgment provided compensation to the plaintiff class and ordered that "all members of the Plaintiff Class who did not properly request

exclusion are barred and permanently enjoined from asserting, instituting or prosecuting, either directly or indirectly, any claim settled under the terms of the Agreement." Order at 2. The Settlement Agreement provided that

> the Representative Plaintiffs and those members of the Plaintiff Class who have not timely excluded themselves shall be deemed to have convenanted and agreed that: (i) First Union . . . and . . . their respective . . . predecessors . . . shall be forever released and discharged from any claim, demand, action, cause of action or liability of any nature, whether known or unknown, suspected or unsuspected, which the non-excluded Plaintiff Class members ever had based upon any violation of any statute or state or federal law, other statutory or common law, or any other allegation, relating to CPI [Collateral Protection Insurance].

Settlement Agreement at 20.

On May 7, 1997, First Union attempted to register the Florida state judgment against the Paddocks as an Oklahoma judgment since the Paddocks were now Oklahoma residents. When the Paddocks resisted the registration, First Union voluntarily vacated the proceeding. In 1998, the Paddocks instituted the instant action, seeking damages for fraud, intentional infliction of emotional distress, damage to credit rating and malicious prosecution.

## II.

"We review de novo the district court's grant of summary judgment, applying the same standard used by the district court." Mann v. United States, 204 F.3d 1012, 1015 (10th Cir. 2000). In this action, the Paddocks allege that (1) First Union charged premiums for unauthorized insurance coverage, (2) First

- 3 -

Union fraudulently obtained the Florida state court judgment against them, and (3) such actions caused injury to their credit. As the district court properly concluded, the class action settlement bars these claims under the doctrine of res judicata, or claim preclusion. "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of parties or their privies in both suits; and (3) identity of the cause of action in both suits." Yapp v. Excel Corp. , 186 F.3d 1222, 1226 (10th Cir. 1999) [1]. The class action was resolved by a final judgment on the merits and both the Paddocks and First Union were parties to the settlement. Our review of the matters raised in the class action and the instant suit confirms that both actions "aris[e] out of the same transaction, or series of connected transactions." Id. at 1227 (internal quotation marks and citation omitted). Therefore, the district court properly barred relitigation of the fraud and damage to credit rating claims concerning the unauthorized insurance and the Florida judgment.

Plaintiffs also allege that First Union's unsuccessful attempt to register the Florida judgment in Oklahoma constituted fraud. [2] To establish a cause of action for fraud under Oklahoma law, the Paddocks must plead and prove five elements:

---

[1] Federal law applies here since we must determine the preclusive effect of the federal judgment in the class action suit. Yapp, 186 F.3d at 1226.

[2] The Paddocks argued below that the attempted registration also constituted malicious prosecution and intentional infliction of emotional distress. They have abandoned these claims on appeal.

"(1) a material false representation, (2) made with knowledge of its falsity, or recklessly made without knowledge of its truth, and as a positive assertion, (3) with the intention that it be relied upon by another, (4) reliance thereon by another party to its injury, and (5) that all elements be proven with a reasonable degree of certainty." Whitson v. Oklahoma Farmers Union Mut. Ins. Co., 889 P.2d 285, 287 (Okla. 1995). The Paddocks have not created a genuine issue of material fact on at least two of these elements. Regardless of the Paddocks' subjective belief, First Union simply attempted to present a valid Florida judgment to the Oklahoma courts. Such presentation does not amount to a material misrepresentation. Furthermore, First Union voluntarily vacated the registration proceeding, so the Paddocks cannot plausibly claim any detrimental reliance.

For substantially the reasons set forth in the district court's order below, we **AFFIRM**.[3]

---

[3]The Paddocks argue on appeal that they are also entitled to recovery under RICO and the federal Truth in Lending Act. Since the district court denied the Paddocks' motion to amend their complaint to include these claims, these claims are not properly before this court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge