KPIELE-PODA v. PATTERSON-UTI ENERGY
2023 OK 11
Case Number: 119375; Consol. w/119406
Decided: 02/14/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 11, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

MWANDE SERGE KPIELE-PODA, an individual, Plaintiff/Appellant,
v.
PATTERSON-UTI ENERGY, INC., UNIVERSAL PRESSURE PUMPING, INC., SEVENTY SEVEN OPERATING, LLC, PERFORMANCE TECHNOLOGIES LLC, CAMBELT INTERNATIONAL CORP., CAMBELT INTERNATIONAL, LLC, CAMBELT INTERNATIONAL, LLC, U.S. SILICA COMPANY, SANDBOX LOGISTICS, LLC, SANDBOX ENTERPRISES, LLC, SANDBOX LEASING, LLC, SANDBOX TRANSPORTATION, LLC, and CASILLAS OPERATING, LLC, Defendants,
and
OVINTIV MID-CONTINENT, INC., Defendant/Appellee.

MWANDE SERGE KPIELE-PODA, an individual, Plaintiff/Appellant,
v.
PATTERSON-UTI ENERGY, INC., UNIVERSAL PRESSURE PUMPING, INC., SEVENTY SEVEN OPERATING, LLC, PERFORMANCE TECHNOLOGIES LLC, Defendants/Appellees,
and
CAMBELT INTERNATIONAL CORP., CAMBELT INTERNATIONAL, LLC, CAMBELT INTERNATIONAL, LLC, U.S. SILICA COMPANY, SANDBOX LOGISTICS, LLC, SANDBOX ENTERPRISES, LLC, SANDBOX LEASING, LLC, SANDBOX TRANSPORTATION, LLC, CASILLAS OPERATING, LLC, and OVINTIV MID-CONTINENT, INC. Defendants.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, 
STATE OF OKLAHOMA

HONORABLE CINDY H. TRUONG, TRIAL JUDGE

¶0 Employee was injured at a wellsite in Kingfisher County while repairing a conveyor that activated and crushed his legs. While Employee's Workers' Compensation claim was still pending, he filed a petition asserting negligence and products liability in the District Court of Oklahoma County against his employers, two wellsite operators, and the manufacturers and distributors of the conveyor. Ovintiv Mid-Continent, Inc. was named in the body of the petition but omitted from the caption. After the statute of limitations period expired, Employee amended his petition to add Ovintiv Mid-Continent, Inc. as a defendant in the petition's caption. A second amended petition added other parties. Ovintiv Mid-Continent, Inc. moved to dismiss arguing the claim was time-barred because the amended petition did not relate back to the first petition. Employee's employers also moved to dismiss arguing the Administrative Workers' Compensation Act and Oklahoma precedent preclude employees from simultaneously maintaining an action before the Workers' Compensation Commission and in the district court. The district court granted each dismissal motion and certified each order as appealable pursuant to 12 O.S.2011, § 994

MATTERS PREVIOUSLY RETAINED FOR DISPOSITION;
DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART. 

Daniel Talbot, TALBOT LAW GROUP, Oklahoma City, Oklahoma for Plaintiff/Appellant, Mwande Serge Kpiele-Poda.

J. Todd Woolery, Jodi C. Cole, and Katelyn King, MCAFEE & TAFT, Oklahoma City, Oklahoma for Defendant/Appellee Ovintiv Mid-Continent, Inc.

Toby McKinstry, TOMLINSON -- MCKINSTRY, P.C., Oklahoma City, Oklahoma for Defendants/Appellees Patterson-UTI Energy, Inc., Universal Pressure Pumping, Inc., Seventy Seven Operating, LLC, and Performance Technologies, LLC.

OPINION

ROWE, V.C.J.:

¶1 In this consolidated appeal of separate district court dismissal orders, we are tasked with deciding two questions: 1) whether the district court erred by dismissing Employee's amended petition, finding it was time-barred; and 2) whether the district court erred by dismissing Employee's intentional tort claim while his workers' compensation claim remained pending.

I. BACKGROUND

¶2 On June 4, 2018, Mwande Serge Kpiele-Poda ("Employee") was injured at a wellsite while repairing a Sandbox Conveyor ("Conveyor"). During the repair, a part of the Conveyor activated and crushed both of Employee's legs. Employee filed a workers' compensation claim for injury to his legs and lower back, naming Universal Pressure Pumping, Inc. ("UPPI") as his employer. This claim remains pending.

¶3 Following the injury, Employee received medical treatment, and UPPI's workers' compensation insurance carrier voluntarily paid Employee temporary benefits. The Workers' Compensation Commission ("Commission") issued orders awarding medical examinations, authorizing medical treatment, and changes in treating physician.

¶4 On June 2, 2020, two days before the expiration of the statute of limitations for Employee's claims relating to his injuries, he filed a petition ("Original Petition") in Oklahoma County District Court against his employer, the manufacturer of the Conveyor, and the owner and operators of the well location. Employee alleged that UPPI and three other alleged employers, Patterson-UTI Energy, Inc., Seventy Seven Operating, LLC, and Performance Technologies, LLC (collectively, "Employers"), "ordered, encouraged, allowed, or otherwise caused Plaintiff to service and/or repair a part of the Sandbox Conveyor while requiring other parts of the Sandbox Conveyor to continue operating with the knowledge that injury and/or death was substantially certain to occur not merely foreseeable or substantially likely."

¶5 Before serving the Original Petition on any defendant, but after the limitations period expired, Employee discovered the omission of Ovintiv in the caption. On September 23, 2020, Employee filed an amended petition ("Amended Petition"), which included Ovintiv in the caption.

¶6 Ovintiv and Employers filed separate motions for dismissal. Ovintiv's motion to dismiss argued Employee's negligence claim was time-barred because Ovintiv was not sued prior to the expiration of the statute of limitations and the Amended Petition did not relate back to the original filing date pursuant to Oklahoma's relation back statute.

¶7 Employers' motion to dismiss argued the district court lacked subject matter jurisdiction over Employee's intentional tort claim because Employee's remedy was under the exclusive jurisdiction of the Commission.and the district court. Employee appealed, and we retained the matter for disposition. We consolidated Employee's separate appeals for review.

II. STANDARD OF REVIEW

¶8 This Court will review the district court's grant of dismissal motions de novo. See, e.g., Woods v. Prestwick House, Inc., 2011 OK 9247 P.3d 1183de novo); Farley v. City of Claremore, 2020 OK 30465 P.3d 1213de novo and allegations of a petition are deemed as true similar to a review of a § 2012(B)(6) motion to dismiss).

¶9 The issues before us pose questions of statutory interpretation. A statute's construction and application presents a question of law that is reviewed de novo. Strickland v. Stephens Prod. Co., 2018 OK 6411 P.3d 369De novo review "involves a plenary, independent, and non-deferential examination of the trial court's legal rulings." Id.

III. ANALYSIS

A. Employee's Original Petition Was Timely Filed Against Ovintiv.

¶10 Oklahoma's general rules of pleading require a pleading to contain only "[a] short and plain statement of the claim showing the pleader is entitled to relief." 12 O.S.Supp.2013, § 200812 O.S.2011, § 201012 O.S.2011, § 2001et seq.] is that pleadings should give fair notice of the claim and be subject to liberal amendment, should be liberally construed so as to do substantial justice, and that decisions should be made on the merits rather than on technical niceties." Wilson v. Webb, 2009 OK 56

¶11 Both parties cite Klopfenstein v. Oklahoma Deptartment of Human Services, 2008 OK CIV APP 16177 P.3d 594Klopfenstein, the Oklahoma Court of Civil Appeals held "[a]lthough the Oklahoma and federal rules of pleading require parties to be named in the caption of a petition, the failure to do so is not necessarily fatal." Id. ¶ 14, 177 P.3d at 597.

¶12 Ovintiv's contention that it did not receive notice is misguided. Contrary to Ovintiv's position, the law does not require notice prior to the expiration of the statute of limitations.12 O.S.Supp.2017, § 200412 O.S.Supp.2018, § 2015

¶13 Here, the omission of Ovintiv in the lawsuit's caption is not fatal. The caption of a petition is the heading which shows the names of the parties, the name of the court, and number of the case on the docket--the caption is not part of the substance of a petition. Although § 2010(A) requires the name of all parties to be included in the caption, an omission of a party from a caption is not necessarily fatal. The omission of a party from the caption is not fatal where the party is sufficiently named in the body of the petition; § 2010(A) is satisfied by an amended petition filed pursuant to § 2015(A); and the amended petition is served within 180 days from the filing date of the original petition pursuant to § 2004(I).

¶14 Reading § 2010(A) in harmony with § 2015(A) and § 2004(I), we find Employee's Original Petition was timely filed against Ovintiv. The body of the Original Petition identified Ovintiv as an owner of and or operator of the site on which Employee was working and where Ovintiv could be served with process;

 

B. Employee May Not Simultaneously Maintain An Action in the Workers' Compensation Court and the District Court.

 

¶15 Oklahoma's Administrative Workers' Compensation Act ("AWCA") places a duty upon employers to bear the responsibility for compensating employees for accidental personal injuries arising out of and in the course of employment. 85A O.S.2014, § 385A O.S.2014, § 585A O.S.2014, § 585A O.S.2014, § 5 

¶16 The question of whether Employee is statutorily entitled to maintain an action for intentional tort in the district court while simultaneously pursuing a workers' compensation claim concerns the application and interpretation of 85A O.S.2014, § 5

If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his legal representative may maintain an action either before the commission or in the district court, but not both.

Employers contend Employee's work-related injuries fall exclusively within the jurisdiction of the Commission, and that 85A O.S.2014, § 5

¶17 To support their position, Employers rely upon Farley v. City of Claremore, 2020 OK 30465 P.3d 1213Farley, a spouse's husband was killed due to a work-related injury. She sought and obtained workers' compensation death benefits for the death of her husband. Eleven months after the conclusion of the workers' compensation proceeding, she brought a claim in the district court for damages alleging her husband's death was caused by an intentional tort committed by her husband's employer. Id. ¶ 1, 465 P.3d at 1218. The employer filed a motion to dismiss arguing the "workers' compensation remedy was the sole remedy for the plaintiff and plaintiff has previously and successfully pursued that remedy and was seeking double recovery." Id. ¶ 3, 465 P.3d at 1219. The district court granted the employer's motion to dismiss for lack of subject matter jurisdiction and plaintiff appealed to this Court. We upheld the dismissal, finding that because her spouse's wrongful death injury was fully adjudicated and compensated, the successful adjudication demonstrated the injury was exclusively before the Commission and not within the jurisdiction of the district court. Id. ¶ 68, 465 P.3d at 1243.

¶18 Employers' reliance on Farley is misguided. In Farley the surviving spouse successfully concluded her workers' compensation claim then asserted a claim in the district court, wherein we applied the doctrine of claim preclusion.Id. ¶ 30, 465 P.3d at 1230. Farley is not conclusive here because the facts are distinguishable and the doctrine of claim preclusion is not applicable.

¶19 To answer the question before us, we look to the text of § 5(I). "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by statutory language." Odom v. Penske Truck Leasing Co., 2018 OK 23415 P.3d 521Id. "Only where legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation employed." Id. ¶ 18, 415 P.3d 521Id. (citations omitted).

¶20 We find no ambiguity in § 5(I). Section 5(I) permits an employee to maintain an action either before the Commission or in the district court, but not both. The word "either" demonstrates the Legislature intended for an employee to choose one forum to pursue his claim--not two forums. This interpretation is further supported by the statute's language "but not both" at the end of the sentence. Such language reinforces the requirement to choose between two forums--which serves to protect employers from defending against two claims filed simultaneously in different forums--and bolsters the underlying public policy against double recovery.

¶21 Despite the explicit language, Employee contends he may maintain a claim in both forums simultaneously because his workers' compensation claim has not yet reached a point of conclusion. His position is contrary to the text. First, the text does not say that one claim must reach finality to exclude the pursuit of a claim in another forum. Second, the text says an employee may "maintain an action." The plain and ordinary meaning of "maintain an action" means to pursue, continue, or institute.

¶22 When an employee's injury arises out of and in the course of employment, the rights and remedies granted to that employee are exclusive under AWCA, meaning there is not a choice between different forums. However, when allegations of intentional tort are present, the rights and remedies are no longer exclusive under AWCA, and a choice between two forums is available. According to the text of § 5(I), the injured employee is afforded a choice of pursuing and maintaining an action either before the Commission or in the district court, but not both.

¶23 Here, Employee's injuries arose out of and in the course of his employment; thus his rights and remedies fell under AWCA. However, Employee's allegations of intentional tort against Employers provided him a choice between two forums--the Commission or the district court, but not both. Employee gave notice of his claim for compensation by filing a CC-Form 3,and in the district court. Accordingly, the trial court's dismissal of Employee's tort action against Employers for lack of subject matter jurisdiction is affirmed.

IV. CONCLUSION 

¶24 We find Employee's Original Petition was timely filed against Ovintiv. Although Ovintiv was not included in the caption of the Original Petition, Ovintiv was sufficiently included in the body of the Original Petition, Employee timely amended the Original Petition to include Ovintiv in the caption, and Ovintiv received fair notice when it was served the Amended Petition within 180 days. Accordingly, the district court's dismissal is reversed.

¶25 We find 85A O.S. § 5

MATTERS PREVIOUSLY RETAINED FOR DISPOSITION;
DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART. 

Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, Kuehn, JJ., concur.

Gurich, J., (by separate writing), with whom Kauger, Combs, and Darby, JJ., join, concurring in part and dissenting in part.

FOOTNOTES

Paragraphs 27-29 of Employee's Original Petition under Employee's "Fourth Cause of Action -- Products Liability" alleges Ovintiv Mid-Continent and Casillas Operating, LLC were acting in concert with each other in a negligent manner that resulted in the injuries; Ovintiv Mid-Continent is "responsible under a theory of respondeat superior;" and as a result of Ovintiv Mid-Continent's negligence, Employee suffered injuries.

12 O.S.2011, § 2010

Klopfenstein, the appellant filed a petition with the Oklahoma Merit Protection Commission ("MPC") alleging that the Department of Human Services ("DHS") had removed her essential job duties in retaliation for appellant filing an internal grievance. Klopfenstein, 2008 OK CIV APP 16Id. at ¶ 4, 177 P.3d at 596. DHS moved to dismiss on the grounds that appellant failed to name MPC as a defendant in the action. Id. ¶ 5, 177 P.3d at 596. The district court determined that although "MPC was not named as a party in the caption, . . . MPC was clearly named as party in the body of the petition." Id. ¶ 13, 177 P.3d at 597. The Court of Civil Appeals agreed with appellant that "the petition must be read as a whole." Id.

Foshee v. Foshee, 2010 OK 85247 P.3d 1162

Klopfenstein v. Okla. Dept. of Human Serv., 2008 OK CIV APP 16177 P.3d 594

12 O.S.Supp.2017, § 2004
12 O.S.Supp.2017, § 2004

12 O.S.Supp.2017, § 2004

12 O.S.Supp.2018, § 2015

See Employee's Original Petition, pg 3, ¶ 4.

12 O.S.Supp.2018, § 2015

85A O.S.2014, § 3

85A O.S.2014, § 5

1. An employer fails to secure the payment of compensation due to the employee as required by this act. An injured employee, or his or her legal representative in case death results from the injury, may, at his or her option, elect to claim compensation under this act or to maintain a legal action in court for damages on account of the injury or death; or

2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law." 85A O.S. 2014, § 5

85A O.S.2014, § 5

Res judicata is identified with claim preclusion and ordinarily applied when a claim in a second suit is the same as the claim adjudicated on the merits and to finality in the first proceeding." Farley v. City of Claremore, 2020 OK 30465 P.3d 1213

 Maintain, Black's Law Dictionary (5th ed. 1979). The Eleventh Edition of Black's Law Dictionary defines "maintain" as "to continue (something)." Maintain, Black's Law Dictionary (11th ed. 2019).

Romero v. Workers' Compensation Court, 1993 OK 150863 P.2d 1251

 

 

GURICH, J., with whom Kauger, Combs, and Darby, J.J., join, concurring in part and dissenting in part:

¶1 I concur in the majority decision to reverse the trial court's dismissal of Ovintiv Mid-Continent but dissent to affirmation of the trial court's dismissal of UPPI and the related defendants.

¶2 Plaintiff alleges that he was employed by Universal Pressure Pumping, Inc. ("UPPI"). Plaintiff also alleges that the parent company of Universal Pressure, Seventy Seven Operating LLC and Performance Technologies, LLC is Patterson-Uti Energy, Inc. Plaintiff refers to these entities as the UPPI defendants. He alleges that at the time of his injury on June 4, 2018, he was in the course and scope of his employment for one or all of the UPPI defendants. Plaintiff brings his first cause of action against these defendants alleging an intentional tort.

¶3 On October 16, 2018, Plaintiff filed a Form 3 with the Workers' Compensation Commission against Universal Pressure Pumping, Inc., alleging that he was employed by UPPI at the time of his accident. He sustained bilateral fractures to his femurs. He also alleged a consequential back injury. Plaintiff admits that he has received temporary total disability ("TTD") payments and medical treatment from the insurance carrier for his employer, ACE American Insurance Co.

¶4 The Form-A Order recites that the respondent admits that the Claimant sustained a compensable injury. Claimant's injury satisfies the definition of compensable injury for a workers' compensation claim, but sustaining a compensable injury does not by itself establish jurisdiction.

If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either before the Commission or in the district court, but not both.

85A O.S. Supp. 2013, § 5

¶5 Even if a claimant files with the Commission, they may dismiss the pending claim at any time before final submission of the case to the Commission for decision. Title 85A, Section 108 provides:

Any claimant may, upon the payment of the Workers' Compensation Commission's filing fee, dismiss any claim brought by the claimant at any time before final submission of the case to the Commission for decision. Such dismissal shall be without prejudice unless the words "with prejudice" are included in the order. If any claim that is filed within the statutory time permitted by Section 18 of this act is dismissed without prejudice, a new claim may be filed within one (1) year after the entry of the order dismissing the first claim even if the statutory time for filing has expired.

85A O.S. Supp. 2013, § 10885A O.S. Supp. 2013, § 11585A O.S. Supp. 2013, § 116

¶6 The Court in Pryse Monument Co. v. District Court of Kay County, 1979 OK 71595 P.2d 435at the claimant's election, would be abatable as vexatious." ¶ 2, 595 P.2d at 437 (emphasis added). "The abatement's inchoate bar becomes absolute and conclusive when the remedy, once chosen has been pursued to a point of conclusion." Id. (emphasis added). To make this bar applicable, three elements are required: "(a) two or more remedies must be in existence (b) the available remedies must be inconsistent (c) choice of one remedy and its pursuit to conclusion must be made with knowledge of alternatives that are available." Id. (emphasis added). Pryse takes great care to point out that the remedy must be pursued to a point of conclusion and that it is the claimant's choice which remedy to pursue.

¶7 A more recent case, Farley v. City of Claremore, 2020 OK 30Farley, a surviving spouse pursued and received death benefits from the Commission. Id. ¶¶ 1--3, 465 P.3d 1218--20. Ten months after the Commission's award of death benefits, the surviving spouse brought a tort claim for the same injury in district court. Id. ¶ 3, 465 P.3d 1220. The Court held that the Plaintiff's action in district court was estopped because she had received a final order awarding death benefits from the Oklahoma Workers' Compensation Commission. Id. ¶¶ 4, 5, 67 465 P.3d at 1214, 43. Like in Pryse, Farley takes great care to state that the preclusive effect of obtaining benefits from the Commission does not exist until after a final adjudication from the Commission.

The Court stated:

Generally, res judicata and collateral estoppel apply to jurisdictional questions, and to a final and express adjudication of an issue properly before an administrative body that is subsequently raised between the same parties or their privies. The preclusive effect of a final adjudication includes a final determination before the Workers' Compensation Commission. This final adjudication includes a determination an injury is compensable because it resulted from an accident.

Id. ¶ 30, 465 P.3d 1229--30 (emphasis added).

¶6 In this case, The Plainitff sustained a very serious injury and promptly filed his claim with the Commission.file an action in either the Commission or the district court, not both.

¶7 The majority's holding in this case is too restrictive. Section 5(I) refers to a prohibition against maintaining an action before both the Commission and the district court.

¶8 The language limiting recovery to one court is so that the injured employee does not double dip and receive two sets of damages for the same injury.See Pryse Monument Co. v. District Court of Kay County, 1979 OK 71595 P.2d 435Farley v. City of Claremore, 2020 OK 30

¶9 Importantly, allowing such a case to proceed to its final conclusion does not prejudice any party, not even the insurer who has voluntarily paid out benefits. The insurer would be allowed to recoup any errantly paid benefits against the claimant, making both the claimant and insurer whole when a different remedy is maintained to its conclusion.

¶10 Accordingly, Section 5(I) should be read to allow the injured employee to preserve inconsistent remedies, but not allow recovery from both. This is consistent with both the statute and the supporting case law. In the present case, there has been no final resolution of the workers' compensation claim or the district court case. Pursuant to Pryse and Farley, Plaintiff has a choice of remedies and should be allowed to file a claim and preserve both until one reaches a conclusion. Therefore, dismissal is inappropriate in this case.

FOOTNOTES

85A O.S. Supp. 2013, § 2

B. Exclusive remedy shall not apply if:
2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.

85A O.S. Supp. 2013, § 69

A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury. If during the one-year period following the filing of the claim the employee receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act. (B) (1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.

85A O.S. Supp. 2013, § 69

If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not: (a). make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or (b). receive or seek benefits, including medical treatment, under this title for a period of six (6) months,then on motion by the employer, the claim shall be dismissed with prejudice.

85 O.S.2011, § 30285 O.S. Supp. 2010, § 12See 85 O.S.1981, § 11Thompson v. Madison Machinery Co., Inc., 1984 OK CIV APP 24684 P.2d 565

Dyke v. Saint Francis Hosp., Inc., 1993 OK 114861 P.2d 295Pryse in essence erects a res judicata bar, and precludes a party using a workers' compensation remedy and a District Court remedy to recover for the same on-the-job injury." (quotation omitted)).

Thompson v. Madison Machinery Co., Inc., 1984 OK CIV APP 24684 P.2d 565Id. ¶ 26, 684 P.2d at 570. Plaintiff was allowed to maintain both claims until the district court decided whether the employer had committed an intentional tort against Plaintiff. Id. ¶ 26--27, 684 P.2d at 570.